**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| GORDON ACKLEY, in his capacity as candidate for Chairman of the Republican Party of the United States Virgin Islands and a Member of the Republican State Committee; TODD HECHT, in his capacity as a registered voter and as Member of the Republican State Committee; and ANTOINETTE HECHT, in her capacity as a candidate for National Committeewoman of the Republican Party of the United States Virgin Islands and Member of the Republican State Committee, | ) ) ) ) ) ) ) ) ) ) ) ) | ST-20-CV- <br><br> ACTION FOR INJUNCTIVE RELIEF, TEMPORARY and PRELIMINARY INJUNCTION |
| Plaintiffs. | ) ) ) | |
| v. | ) ) ) | |
| CAROLINE FAWKES, in her capacity as Virgin Islands Supervisor of Elections; the VIRGIN ISLANDS BOARD OF ELECTIONS; JOHN CANEGATA, in his capacity as putative Chairman of the Republican Party of the United States Virgin Islands and candidate for Chairman of the Republican Party of the United States Virgin Islands; and ROBERT MAX SCHANFARBER, in his capacity as putative secretary of the Republican Party of the United States Virgin Islands and candidate for National Committeeman of the Republican Party of the United States Virgin Islands, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## VERIFIED COMPLAINT

Gordon Ackley, in his capacity as candidate for chairman of the Republican Party of the

United States Virgin Islands and member of the Republican State Committee (herein "Plaintiff

Ackley" or "Plaintiffs"); Todd Hecht, in his capacity as a registered voter and member of the

Republican State Committee (herein "Plaintiff Hecht" or "Plaintiffs"); and Antoinette Gumbs-

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

Hecht, in her capacity as a candidate for national committeewoman of the Republican Party of the

United States Virgin Islands and a member of the Republican State Committee, (herein "Plaintiff

Gumbs-Hecht or "Plaintiffs") herby commence the above-captioned civil action against each of

the above-named defendants (collectively herein "Defendant Fawkes," "Defendant Board of

Elections," "Defendant Canegata," "Defendant Schanfarber," or "Defendants") and state as

follows in their original complaint against the Defendants:

## **INTRODUCTION**

1.      Plaintiffs seek an injunction, pursuant to *V.I.R.Civ.P. 65*, to restrain Defendant Fawkes and

Defendant Board of Elections from approving any cancellation or circumvention of the election of

Republican Party of the United States Virgin Islands offices at the Virgin Islands primary election

on August 1, 2020, by and through the purported plan Defendant Schanfarber submitted to

Defendant Fawkes on or about May 6, 2020, or any other scheme by Defendant Schanfarber and

Defendant Canegata to disfranchise registered Republican voters from the ability to elect party

offices in a free, fair, and honest election.  *See Plaintiffs' Exhibit 1*.  The Republican Party of the

United States Virgin Islands is the Republican National Committee-recognized state party for the

Virgin Islands.  The Republican State Committee serves as the board of directors of the Republican

Party of the United States Virgin Islands.

2.      Notwithstanding, Plaintiffs also seek an injunction, pursuant to *V.I.R.Civ.P. 65*, to restrain

Defendant Schanfarber and Defendant Canegata from conducting, convening, or otherwise

administering any process under the purported auspices of the Republican Party of the United

States Virgin Islands, the Republican State Committee, or the Republican Party that undermines,

usurps, cancels, circumvents, contradicts, or otherwise suppresses the aforesaid primary election.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

3.    Defendant Schanfarber and Defendant Canegata are illegitimately and unlawfully

occupying the party offices they claim to hold approximately two years beyond the expiration of

their term for which they were elected in 2016.

4.    The submission of the purported plan was made by Defendant Schanfarber who, upon

information and belief, acted in conspiracy with Defendant Canegata, less than three full business

days before the statutory filing deadline for candidates to submit nominating papers to Defendant

Fawkes and Defendant Board of Elections for placement on the Virgin Islands primary election

ballot.  Defendant Schanfarber and Defendant Canegata engaged in a conspiracy to effectuate their

illegitimate and unlawful holding of party offices to maintain their corrupt practices, including,

upon further information and belief, the conversion of funds otherwise designated, donated, or

contributed to the Republican Party of the United States Virgin Islands or the VIGOP (Virgin

Islands Republican Party) (herein "VIGOP").  Despite its similar name, the VIGOP is not under

the oversight and control of the Republican State Committee, the party's board of directors.  The

political action committee registered with the Federal Election Commission has been widely

denounced as a "scam PAC."[1]  Almost none of the money raised by VIGOP is spent in the Virgin

---

[1] The facts around the so-called scam PAC are well documented.  *See,* "Republican fundraising intrigue clouds a delegate fight in Virgin Islands," Fredreka Schouten, *USA Today.* https://www.usatoday.com/story/news/politics/elections/2016/04/13/fundraising-feud-republican-delegate-fight-virgin-islands/82895684/ *See also,* "A Mysterious Republican Committee in the Virgin Islands," Derek Willis, *The New York Times.* https://www.nytimes.com/2014/05/07/upshot/a-mysterious-republican- committee-in-the-virgin-islands.html *See also,* "Virgin Islands GOP accused of 'scam' fundraising," A.J. Rao, The Virgin Islands Daily News. http://www.virginislandsdailynews.com/news/virgin-islands-gop-accused-of- scam-fundraising/article_dc5aaabf-8267-5b07-a201-3eb79ba9746a.html *See also,* "Virgin Islands GOP a case study in a scam hybrid PAC," *Mad Dog PAC.* https://maddogpac.com/blogs/spicy-files/gop-a-case-study-in-corruption *See also,* "V.I. Republicans Get Unwanted Spotlight Again," Don Buchanan, *The St. John Source.* https://stjohnsource.com/2018/10/22/v-i-republicans-get-unwanted- spotlight-again/ *See also,*

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

Islands.[23]  Defendant Canegata assumed full control of it after the former treasurer pleaded guilty

to lying to the Federal Election Commission.[4]  This has allowed Defendant Canegata to evade

---

"Group accused of victimizing seniors by using Hurd and others in Congress to raise money,"
Bill Lambrecht, *San Antonio Express-News*.
https://www.expressnews.com/news/local/article/Political-group-criticized-as-victimizing-
seniors-9275271.php *See also,* "Virgin Islands GOP reports spending big to help Mia Love —
but it's a scam, according to her campaign," Lee Davidson, *The Salt Lake Tribune*.
https://www.sltrib.com/news/politics/2018/10/17/virgin-islands-gop/ *See also,* "Republican
National Committee's attorneys investigating John Canegata," *Virgin Islands Free Press*.
https://vifreepress.com/2020/01/republican-national-committees-attorneys-investigating-john-
canegata/

[2] According to Federal Election Commission campaign finance reports between January 1, 2020,
and January 31, 2020, the Virgin Islands Republican Party spent $44,641.96 of the $47,317.09 it
raised.  Not a single cent was spent on a political candidate in the Virgin Islands. *See,* Federal
Election Commission filings for VIGOP (Virgin Islands Republican Party). Accessible at
https://docquery.fec.gov/cgi-bin/fecimg/?C00553560.
[3] The facts around the so-called scam PAC are well documented.  *See,* "Republican fundraising
intrigue clouds a delegate fight in Virgin Islands," Fredreka Schouten, *USA Today*.
https://www.usatoday.com/story/news/politics/elections/2016/04/13/fundraising-feud-
republican-delegate-fight-virgin-islands/82895684/ *See also,* "A Mysterious Republican
Committee in the Virgin Islands," Derek Willis, *The New York Times*.
https://www.nytimes.com/2014/05/07/upshot/a-mysterious-republican- committee-in-the-virgin-
islands.html *See also,* "Virgin Islands GOP accused of 'scam' fundraising," A.J. Rao, The Virgin
Islands Daily News. http://www.virginislandsdailynews.com/news/virgin-islands-gop-accused-
of- scam-fundraising/article_dc5aaabf-8267-5b07-a201-3eb79ba9746a.html *See also,* "Virgin
Islands GOP a case study in a scam hybrid PAC," *Mad Dog PAC*.
https://maddogpac.com/blogs/spicy-files/gop-a-case-study-in-corruption *See also,* "V.I.
Republicans Get Unwanted Spotlight Again," Don Buchanan, *The St. John Source*.
https://stjohnsource.com/2018/10/22/v-i-republicans-get-unwanted- spotlight-again/ *See also,*
"Group accused of victimizing seniors by using Hurd and others in Congress to raise money,"
Bill Lambrecht, *San Antonio Express-News*.
https://www.expressnews.com/news/local/article/Political-group-criticized-as-victimizing-
seniors-9275271.php *See also,* "Virgin Islands GOP reports spending big to help Mia Love —
but it's a scam, according to her campaign," Lee Davidson, *The Salt Lake Tribune*.
https://www.sltrib.com/news/politics/2018/10/17/virgin-islands-gop/ *See also,* "Republican
National Committee's attorneys investigating John Canegata," *Virgin Islands Free Press*.
https://vifreepress.com/2020/01/republican-national-committees-attorneys-investigating-john-
canegata/
[4] *See,* "Fundraiser Using VIGOP Name Pleads Guilty," Don Buchanan, *The St. John Source*.
https://stjohnsource.com/2019/10/28/fundraiser-using-vigop-name-pleads- guilty/ *See also,*

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

territorial campaign finance reporting disclosures.  Defendant Canegata achieved his unilateral

control, in part, by failing to hold required party office elections and expelling State (Territorial)

Committee members who raised questions.[5]  Upon further information and belief, Defendant

Canegata converted funds donated to either the Republican Party of the United States Virgin

Islands or the VIGOP for his own personal use.  This includes through excessive purported expense

reimbursements.[6]  He also evaded federal and territorial campaign finance laws through a series

of schemes, including having individual donors pay expenses to avoid disclosures required under

the aforesaid campaign finance laws.  Upon information and belief, this includes legal services

rendered to Defendant Canegata in his capacity as chairman of the Republican Party of the United

---

"Former V.I. Republican Party Treasurer Going to Prison," *St. Croix Source*, February 24, 2020.
https://stcroixsource.com/2020/02/24/former-v-i-republican- party-treasurer-going-to-prison/ *See
also*, "'Scam PAC' Treasurer Sentenced To Federal Prison," *The Center for Public Integrity*.
https://publicintegrity.org/politics/scam-pac-scott-mackenzie-court-justice- prison/
[5] The expulsions included former Republican Party of the United States Virgin Islands chairman
James Oliver; Senator Holland Redfield, the then-national committeeman of the Republican Party
of the United States Virgin Islands; and the then-treasurer of the Republican Party of the United
States Virgin Islands, Warren B. Cole Esq.  *See*, "Republican Group Votes to Oust Canegata,"
Don Buchanan, *The St. Croix Source*.  https://stcroixsource.com/2016/05/28/republican-group-
votes-to-oust-canegata/
[6] According to VIGOP's recent 2020 filings with the Federal Election Commission, Defendant
Canegata spent an unusually high amount of money on daily expenses in January 2020.  These
expenses included: $3,621.57 in "travel" on January 28, 2020; four charges for American Airlines
"travel" expenses of $694.85, $30, $14.44 and $30 on January 28, 2020; $1,445.38 for  "travel"
expenses at the Trump National Doral in Miami, Florida, on January 28, 2020; $211.80 for "food
& beverage" expenses at the Luncheria Mexican Restaurant in Christiansted, Virgin Islands, on
January 28, 2020; and four AT&T "telephone service" expenses of $214.94, $135, $135, and
$135.67 on January 28, 2020.  Upon information and belief, Defendant Canegata attended a
Republican National Committee meeting at President Trump's Trump National Doral Hotel in
Florida in January 2020.  Upon further information and belief, the meeting lasted approximately
three days.  This would explain the hotel expense.  It may also explain the four American Airlines
expenses.  It does not explain the unspecified reimbursement to Defendant Canegata of $3,621.57.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

States Virgin Islands in 2016.  Upon further information and belief, at least $54,194.50 was never

reported by Defendant Canegata as required by federal and territorial campaign finance laws.

5.      Defendant Schanfarber and Defendant Canegata circulated nominating papers until it

became apparent that they would not win a free, fair, and honest election.  They then conspired to

suppress the lawful—and fundamental—ability of registered Republican voters to fully participate

in the Virgin Islands primary election.

6.      Notwithstanding, the method of election for national committeewoman and national

committeeman is not addressed by the rules of the Republican Party of the United States Virgin

Islands, aka *The Rules, Principles, and Policies of the Republican Party of the United States Virgin

Islands* (herein "RPUSVI rules").  Additionally, the rules for purported plan's farcical caucus also

fail to provide for the election of national committeeman and national committeewoman. *See, The

Rules of the 2018 [sic] Virgin Islands Republican Territorial Caucus* (herein "2020 caucus

rules").[7]  *See Plaintiffs' Exhibit 1.*  Because the rules are silent the method of election defaults to

territorial elections law.  *See,* Rule 2(b) of *The Rules of the Republican Party* (herein "RNC rules");

*Plaintiffs' Exhibit 2.*  Under Virgin Islands election law, the election for national committeeman

and national committeewoman is the primary election. *See*, 18 V.I.C. § 305.  *See also*, 18 V.I.C. §

232.  Since 1964, party offices for the Republican Party of the United States Virgin Islands have

almost exclusively been elected in the primary election.  This includes 2012, when Defendant

---

[7] The rules for the purported plan are descriptively titled *The Rules of the 2020 Virgin Islands
Republican Territorial Caucus* but the actual title contained therein is *The Rules of the 2018 [sic]
Virgin Islands Republican Territorial Caucus*.  Under the Virgin Islands Code, "descriptive
headings or catchlines, other than section numbers contained therein, immediately preceding the
text of individual sections … do not constitute part of the law." *See*, 1 V.I.C. § 44 As such,
Plaintiffs must look to the text for the actual title of the rules.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

Canegata was elected chairman, and 2014, when Defendant Canegata was first re-elected.[8]

Likewise, Defendant Schanfarber is no stranger to the established process of electing party offices

at the primary election, having lost a campaign for national committeeman in 2012.

6.      The purported plan of Defendant Schanfarber and Defendant Canegata calls for a caucus

personally overseen by them on an unspecified day.  Upon information and belief, the unspecified

day is May 23, 2020.  Under their purported plan, there is no required period of time for public

notice of the caucus to be given.  *See*, Rule 2(d) of 2020 caucus rules.

7.      A candidate seeking election to party office in Defendant Schanfarber and Defendant

Canegata's farcical caucus is required to file a "notarized nominating petition with the Caucus

Committee via United States Postal Service registered mail containing the original signatures of

no fewer than 20 registered Republican voters using the nominating petition prescribed by the

Caucus Committee on or before 11:59 p.m. on the fourteenth day preceding the caucus."  *See*, Rule

6(b) of the 2020 caucus rules.  If May 23, 2020, is in the intended day of the caucus, it is impossible

for any prospective candidate, except for those who conspired in the scheming of the purported

plan, to comply with the filing requirements as the deadline would be tomorrow, May 9, 2020.

The actions of Defendant Schanfarber and Defendant Canegata are antithetical to the free, fair, and

honest elections of the Virgin Islands; the Revised Organic Act of the Virgin Islands; the

---

[8] In 2016, Defendant Fawkes did not hold a primary election for both Democrats and Republicans.
Defendant Canegata called a Republican Territorial Convention in June 2016.  The Republican
National Convention did not recognize the results of this election and instead required a caucus to
be held in August 2016.  *See*, "GOP caucus ordered by Republican National Committee takes place
today,"     Suzanne     Carlson,     *The     Virgin     Islands     Daily     News*.
http://www.virginislandsdailynews.com/news/gop-caucus-ordered-by-republican-national-
committee-takes-place-today/article_14da9c92-4380-52a2-83a3-f0339955f146.html

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

Constitution of the United States of America; and the inherent, fundamental rights of the people in our republican form of government.

8.      Notwithstanding the illegality and illegitimacy of the farcical caucus for electing party offices, the 2020 caucus rules submitted to Defendant Fawkes by Defendant Schanfarber also provide for the nomination of candidates to public offices; that is to say, federal and territorial elective offices.  However, precedent would give Defendant Fawkes and Defendant Board of Elections the ability to reject any candidate nominated for public office in a party-conducted process outside the framework of the Virgin Islands primary election.  *See Ackley v. Election System of the Virgin Islands, 3:16-cv-063 (D.V.I. 2016).*  As such, Plaintiff Hecht and other registered Republican voters would be disenfranchised from exercising their most fundamental constitutional right in the 2020 general election: The ability of a citizen in a republic to vote for a candidate of their choosing.

9.      Pursuant to *V.I.R.Civ.P. 65*, Plaintiffs are entitled to an injunction to restrain Defendant Fawkes and Defendant Board of Elections from taking any action that (1) cancels or circumvents the election of Republican Party of the United States Virgin Islands offices at the Virgin Islands primary election on August 1, 2020, by and through the purported plan of Defendant Schanfarber and (2) prohibits, hinders, or otherwise restricts the ability of Plaintiff Ackley, Plaintiff Gumbs-Hecht, and any other candidate from filing nominating papers to appear on the ballot of the aforesaid primary election.  Without the issuance of an injunction restraining Defendant Fawkes and Defendant Board of Elections, Plaintiffs and other registered Republican voters will be immediately and irreparably harmed by, among other things, the resulting confusion as well as the illegitimacy of any process conducted, convened, or otherwise administered by Defendant Schanfarber and Defendant Canegata.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

10.     Pursuant to *V.I.R.Civ.P. 65*, Plaintiffs are entitled to an injunction to restrain Defendant

Schanfarber and Defendant Canegata from (1) implementing their purported plan and (2)

conducting, convening, or otherwise administering another process to cancel or circumvent the

election of Republican Party of the United States Virgin Islands offices at the Virgin Islands

primary election on August 1, 2020.  Without the issuance of an injunction restraining Defendant

Schanfarber and Defendant Canegata, Plaintiffs and other registered Republican voters will be

immediately and irreparably harmed by, among other things, the resulting confusion; the

illegitimacy of any process conducted, convened, or otherwise administered by Defendant

Schanfarber and Defendant Canegata; the suppression of voters; and Defendant Schanfarber and

Defendant Canegata's wanton disregard for free, fair, and honest elections, namely through the

established process of electing political party offices at the aforesaid primary election.

## PARTIES

11.     Plaintiff Gordon Ackley is a declared candidate for chairman of the Republican Party of

the United States Virgin Islands.  He was elected member of the Republican State Committee in

2016, which was the last known election for party office in the Republican Party of the United

States Virgin Islands.

12.     Plaintiff Hecht is a registered Republican voter.  He was elected member of the Republican

State Committee in 2016, which was the last known election for party office in the Republican

Party of the United States Virgin Islands.

13.     Plaintiff Gumbs-Hecht is a declared candidate for national committeewoman of the

Republican Party of the United States Virgin Islands.  She was elected member of the Republican

State Committee in 2016, which was the last known election for party office in the Republican

Party of the United States Virgin Islands.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

14.     Defendant Fawkes is supervisor of elections.

15.     Defendant Canegata is putative chairman of the Republican Party of the United States Virgin Islands and a declared candidate for re-election.  He was elected in 2016, which was the last known election for party office in the Republican Party of the United States Virgin Islands.

16.     Defendant Schanfarber is putative secretary of the Republican Party of the United States Virgin Islands and a declared candidate for national committeeman.  He was elected member of the Republican State Committee in 2016, which was the last known election for party office in the Republican Party of the United States Virgin Islands, and subsequently selected internally as secretary.  The office of secretary is not directly elected.

## JURISDICTION, VENUE AND STATUTORY CLAIM FOR RELIEF

17.     This Honorable Court has jurisdiction over the subject matter of this action, pursuant to *4 V.I.C. 76*.

18.     This Honorable Court has *in personam* jurisdiction over each of the Defendants because each is a resident of the United States Virgin Islands.

19.     Venue is proper in the Division of St. Thomas and St. John pursuant to *4 V.I.C. 78*.

20.     Plaintiffs seek injunctive relief pursuant to *V.I.R.Civ.P. 65*.

## FACTUAL BACKGROUND

21.     Starting decades ago and until some unknown point between 2016 and 2018, all party offices in the Republican Party of the United States Virgin Islands - with the exception of national committeeman and national committeewoman, which have defined four-year terms under the RNC rules - were elected every two years.  As alleged in ¶ 3 of this action, it has been the nearly exclusive practice of the Republican Party of the United States Virgin Islands since 1964 to elect its party offices at the primary election as provided for under Virgin Islands election law.  The

*Ackley, et. al. v. Fawkes, et. al.*
ST-20-CV-
Complaint

only known exceptions in recent memory were (1) in 2016, when Defendant Board of Elections

declined to conduct a full primary election for Republicans and Democrats, and (2) in 2018, when

Defendant Canegata and Defendant Schanfarber falsely certified to Defendant Fawkes that they

would conduct a caucus in lieu of the aforesaid primary election.  The 2018 caucus was never

conducted.  Upon further information and belief, Defendant Canegata and Defendant Schanfarber,

purporting to represent the Republican Party of the United States Virgin Islands, subsequently told

Defendant Fawkes through a letter from legal counsel sent on or about May 14, 2018, that the party

was not required under RPUSVI rules to hold the caucus they earlier claimed in correspondence

to Defendant Fawkes on February 9, 2018, was required.   This patently false representation

explicitly contradicts *The Rules of the 2018 Virgin Islands Republican Territorial Caucus* (herein

"2018 caucus rules"), which they attached to their correspondence of February 9, 2018.   *See*

*Plaintiffs' Exhibit 3.*  The 2018 caucus rules required the election of party offices as laid out in

Virgin Islands election law: namely, the election of party chairman and members of the State

(Territorial) Committee.  It also expressly contradicted what Defendant Canegata and Defendant

Schanfarber wrote in their correspondence to Defendant Fawkes:

> I have attached the [2018 caucus rules] that was previously submitted on
> January 31st and February 1st and approved by the party for the selection of
> party nominees and the election of party officeholders, *should* a primary
> election for both political parties *not be held* in August 2018. [emphasis
> added] *See Exhibit 4.*

22.     Acting upon the (false) certification of Defendant Canegata and Defendant Schanfarber,

Defendant Fawkes and Defendant Board of Elections did not conduct a primary election in August

2018 that included the election of party offices for the Republican Party of the United States Virgin

Islands.  As a result, Plaintiff Hecht and other registered Republican voters were deprived of

electing party officeholders.  This allowed Defendant Canegata and Defendant Schanfarber to

*Ackley, et. al. v. Fawkes, et. al.*
ST-20-CV-
Complaint

continue occupying their putative offices some two years after the expiration of their terms of office.   It is abundantly clear from a plain reading of Defendant Canegata and Defendant Schanfarber's certification to Defendant Fawkes, as well as Rule 6(b) of the 2018 caucus rules, that an election for party offices was required in 2018. *See*, Rule 3(11) of the RPUSVI rules:

> The incumbent members of the Territorial Committee elected in the 2016 Republican Territorial Caucus shall continue holding office until the qualification of persons elected to the State Committee in the first election for party offices held pursuant to Rule 4.

The "first election for party offices" was the 2018 caucus that Defendant Canegata and Defendant Schanfarber never held.   RPUSVI rules recognized the inherent authority of territorial elections law vis-à-vis the election of party offices.   *See*, Rule 4(1) of the RPUSVI rules:

> By February 2018, the State Committee *shall* adopt either a Republican Territorial Caucus or a Republican Territorial Convention to select 2018 nominees for federal and territorial offices and elect *any* party offices as *required* by these Rules or *territorial elections law*. [emphasis added]

23.     Defendant Canegata and Defendant Schanfarber are part of a larger group of individuals who have been working through well-strategized and highly orchestrated political machinations to undermine and divide the Republican Party of the United States Virgin Islands as part of a scheme to profit off the operation of the VIGOP, the similarly named so-called scam PAC.

24.     Ironically, by attempting to cancel or circumvent the election of party offices at the Virgin Islands primary election on August 1, 2020, Defendant Schanfarber made himself ineligible to either hold party office or seek party office.   Upon information and belief, Defendant Schanfarber evaded criminal warrants for his arrest in the State of California by relocating to the Virgin Islands. Under the 2020 caucus rules:

> No person convicted of a felony or other high crime and misdemeanor, including, but not limited to, crimes of fraud and moral turpitude, stand for

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

election as a candidate. *See*, *Rule 3(a) of the 2020 caucus rules.*

25.     Even if Defendant Canegata and Defendant Schanfarber remain in their respective party offices, the 2020 caucus rules submitted by Defendant Schanfarber and Defendant Canegata were not lawfully and legitimately adopted by the Republican State Committee.  Under the RPUSVI rules, only the State (Territorial) Committee can call a caucus or convention.  *See*, Rule 11(1) of the RPUSVI rules; *Plaintiffs' Exhibit 5.*  Upon information and belief, no lawful and legitimate meeting of the Republican State Committee approved the 2020 caucus rules submitted by Defendant Schanfarber to Defendant Fawkes as part of his conspiracy with Defendant Canegata. Regardless, the deadline for the Republican State Committee to opt-out of the 2020 Virgin Islands primary election for the purpose of the election of party offices was February 1, 2019.  *See*, Rule 4(2) of the RPUSVI rules.  As the Republican State Committee never acted, any (false) certification to the contrary by Defendant Schanfarber and Defendant Canegata is null and void.

## COUNT I FOR INJUNCTIVE RELIEF

26.     Plaintiffs incorporate the foregoing allegations and facts as though fully set forth herein.

27.     Defendant Schanfarber and Defendant Canegata engaged in a conspiracy to deprive Plaintiffs and other registered Republican voters of their (1) right to seek party office and (2) their right to vote for candidates for party offices by submitting their purported plan for a farcical caucus.

28.     Pursuant to *V.I.R.Civ.P. 65*, Plaintiffs herein seek an injunction to restrain Defendant Fawkes from taking any action that (1) cancels or circumvents the election of Republican Party of the United States Virgin Islands offices at the Virgin Islands primary election on August 1, 2020, by and through the purported plan Defendant Schanfarber and (2) prohibits, hinders, or otherwise

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

restricts the ability of Plaintiff Ackley, Plaintiff Gumbs-Hecht, and any other candidate from filing nominating papers to appear on the ballot of the aforesaid primary election.

29.    Without the requested injunction, Plaintiffs and other registered Republican voters will suffer irreparable injury and harm as stated herein.

30.    No adequate remedy at law exists to rectify the harm that Plaintiffs and other registered Republican voters have suffered and will continue to suffer without the issuance of the requested injunction.

31.    The requested injunction will not cause any harm whatsoever to Defendants, who have neither a lawful nor legitimate right to cancel or circumvent the election of Republican Party of the United States Virgin Islands party offices at the Virgin Islands primary election on August 1, 2020.

32.    Issuance of the requested injunction is in the public interest as it protects the right to vote, which is the citizenry's most fundamental right in our republic.  Without said injunctive relief, registered Republican voters will be denied a free, fair, and honest election in the Virgin Islands in 2020.   This denial cannot be remedied by any ordinary method and monetary damages are not sufficient to make the Plaintiffs, and other affected voters, whole; the extraordinary remedy of an injunction is appropriate.

## COUNT II FOR INJUNCTIVE RELIEF

33.    Plaintiffs incorporate the foregoing allegations and facts as though fully set forth herein.

34.    Defendant Schanfarber and Defendant Canegata are unlawfully and illegitimately occupying the party offices of secretary and chairman, respectively.  Their terms of office expired in 2018 after they failed to conduct the caucus they certified to Defendant Fawkes would occur.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

35.     As Defendant Schanfarber and Defendant Canegata are not the lawful and legitimate secretary and chairman of the Republican Party of the United States Virgin Islands, they have no lawful authority to make representations to Defendant Fawkes or Defendant Board of Elections using the name of the Republican Party of the United States Virgin Islands.  By wrongfully holding themselves out as the secretary and chairman of the party, Defendant Schanfarber and Defendant Canegata have perpetuated a fraud upon Defendant Fawkes and Defendant Board of Elections. This fraud is aimed at nothing more than (1) preserving power by eliminating free, fair, and honest elections and (2) lining their own pockets with the conversion of funds from the Republican Party of the United States Virgin Islands or the VIGOP "scam PAC."  This Honorable Court must not allow Defendant Schanfarber and Defendant Canegata to cancel the Virgin Islands primary election for Republican Party of the United States Virgin Islands less than three business days before the statutory deadline for Plaintiff Ackley, Plaintiff Gumbs-Hecht, and other candidates for Republican party offices to submit nominating papers to Defendant Fawkes and Defendant Board of Elections.  It is clear that the motive of Defendant Schanfarber and Defendant Canegata is to lie, cheat, and steal their way through another election cycle.

36.     Issuance of the requested injunction is in the public interest as it protects the right to vote, which is the citizenry's most fundamental right in our republic.  Without said injunctive relief, registered Republican voters will be denied a free, fair, and honest election in the Virgin Islands in 2020.  This denial cannot be remedied by any ordinary method and monetary damages are not sufficient to make the Plaintiffs, and other affected voters, whole; the extraordinary remedy of an injunction is appropriate.

Ackley, et. al. v. Fawkes, et. al.
ST-20-CV-
Complaint

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court (1) enter orders temporarily,

preliminarily, and permanently restraining Defendant Fawkes and Defendant Board of Elections

from approving any cancellation or circumvention of the election of Republican Party of the

United States Virgin Islands offices at the Virgin Islands primary election on August 1, 2020, by

and through the purported plan Defendant Schanfarber submitted to Defendant Fawkes; (2) enter

orders temporarily, preliminarily, and permanently restraining Defendant Schanfarber and

Defendant Canegata from conducting, convening, or otherwise administering any process under

the purported auspices of the Republican Party of the United States Virgin Islands, the Republican

State Committee, or the Republican Party that undermines, usurps, cancels, circumvents,

contradicts, or otherwise suppresses the aforesaid primary election; (3) grant to Plaintiffs their

attorneys' fees and costs incurred in connection with this action; and (4) grant to Plaintiffs such

other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,
Michael L. Sheesley, P.C.

DATED: May 8, 2020

Michael L. Sheesley
VI Bar #1010
PO Box 307728
St. Thomas, VI 00803
(412)972-0412
michael@sheesley-law.com

## **VERIFICATION**

First being duly sworn, I state under oath, pursuant to *V.I.R.Civ.P. 84* that the foregoing Complaint has been reviewed by me and the factual allegations contained therein are true and accurate.

Dated this 8th day of May, 2020.


By: Gordon Ackley



May 6, 2020

Good day Supervisor Fawkes,

Please find included our rules for the 2020 Virgin Islands Republican Party Caucus.
We appreciate your hard work and diligence especially with the challenges of COVID-19 hanging over our heads.

Respectfully summited,

Robert Max Schanfarber
Secretary USVI GOP

Cc John Canegata
Chair USVI GOP

Exhibit 1

**REPUBLICAN PARTY OF THE UNITED STATES VIRGIN ISLANDS**

## *The Rules of the 2020 Virgin Islands Republican Territorial Caucus*

**Rule No. 1**

(a)      The Republican Territorial Caucus shall be governed by *The Rules of the 2018 Virgin Islands Republican Territorial Caucus*, which supersede the *Rules, Principles, and Policies of the Republican Party of the United States Virgin Islands* for the purposes of convening and conducting the aforesaid Republican Territorial Caucus.

**Rule No. 2**

(a)      The state chairman of the Republican Party of the United States Virgin Islands shall appoint a Caucus Committee consisting of four members from the electoral district of St. Croix and four members from the electoral district of St. Thomas—St. John. The secretary of the Republican Party of the United States Virgin Islands shall serve as chairman of the Caucus Committee. The members of the Caucus Committee shall elect a vice chairman, who must reside in the opposite electoral district of the chairman. The chairman and vice chairman shall serve as the district caucus supervisor of their respective electoral districts.

(b)      The Caucus Committee shall select one location in the electoral district of St. Thomas-St. John and one location in the electoral district of St. Croix to serve as district caucus precincts. These locations shall be open to any registered and qualified Republican voter for voting during the hours of 4 p.m. and 7 p.m. Atlantic Standard Time on a date selected by a majority vote of the Caucus Committee. The Republican Party of the United States Virgin Islands shall pay all costs involved in securing district caucus precincts.

(c)      The Caucus Committee shall prepare the ballot for the Republican Territorial Caucus. The Republican Party of the United States Virgin Islands shall pay all costs involved in preparing and printing the ballot. A sufficient number of ballots shall be distributed to the district caucus supervisor of each district caucus precinct on the day of the Republican Territorial Caucus and prior to the commencement of voting.

(d)      The chairman and vice chairman of the Caucus Committee shall sign the call to caucus for the Republican Territorial Caucus with public notice published on the official website of the Republican Party of the United States Virgin Islands. A copy of the duly-issued call to caucus shall be forwarded by the secretary of the Republican Party of the United States Virgin Islands to the duly-serving members of the State Committee.

(e)      The Caucus Committee shall appoint deputies and caucus officials as deemed necessary for the conduct of the Republican Territorial Caucus. A person need not be a registered Republican to be eligible for appointment.

(f)     The Caucus Committee may adopt all such policies, procedures, regulations, and rules as necessary for the conduct of the Republican Territorial Convention provided such policies, procedures, regulations, and rules are not inconsistent with these rules.

(g)     The Caucus Committee shall hear any disputes arising out of the Republican Territorial Caucus.

(h)     All disputes and challenges arising out of the Republican Territorial Caucus must be sent via United States Postal Service registered mail and received by the chairman of the Caucus Committee on or before 11:59 p.m. on the third day after the date of the caucus. The Caucus Committee may meet in-person or via linked telecommunications technology to consider a properly received and timely filed dispute or challenge. Any decision by the Caucus Committee is final and not subject to appeal. The burden of proof necessary to sustain a dispute or challenge rests upon the challenger, who must provide tangible evidence.

## Rule No. 3

(a)     All voters and candidates in the Republican Territorial Caucus must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. No person convicted of a felony or other high crime and misdemeanor, including, but not limited to, crimes of fraud and moral turpitude, stand for election as a candidate.

(b)     No tax or fee shall be levied upon any person to vote.

## Rule No. 4

Supervision of the district caucus precincts and implementation and enforcement of these rules shall be the responsibility of a district caucus supervisor. District caucus supervisors shall be familiar with these rules.

## Rule No. 5

(a)     Eligibility to participate in and cast a ballot shall be verified by a district caucus supervisor. Prospective voters shall present a valid Virgin Islands government-issued photo identification upon demand of the district caucus supervisor.

(b)     No absentee, provisional, or proxy voters are qualified to participate.

## Rule No. 6

(a)     All candidates for nomination to federal or territorial office must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. Additionally, all Party candidates for federal or territorial office must adhere to the eligibility requirements of the office they seek as established by Constitution or territorial law. A candidate shall file a notarized nominating petition with the Caucus Committee via United States Postal Service registered mail containing the original signatures of no fewer than 20 registered

Republican voters using the nominating petition prescribed by the Caucus Committee on or before 11:59 p.m. on the fourteenth day preceding the caucus.

(b)      All candidates for party office must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. No person convicted of a felony or other high crime and misdemeanor shall be eligible to hold party office or serve as a member of the State Committee. A candidate shall file a notarized nominating petition with the Caucus Committee via United States Postal Service registered mail containing the original signatures of no fewer than 20 registered Republican voters using the nominating petition prescribed by the Caucus Committee on or before 11:59 p.m. on the fourteenth day preceding the caucus.

(c)      No person may seek nomination for more than one federal or territorial office.

(d)      Persons signing a candidate's nominating petition shall meet the eligibility requirements of Rule No. 3(a).

**Rule No. 7**
(a)      Each registered Republican voter, appearing on the electoral rolls of the United States Virgin Islands on the day of the call to caucus, shall be allowed to cast one ballot.

(b)      A record of each registered Republican voter casting a ballot shall be recorded in lists maintained at each district caucus precinct. No person shall be allowed to cast more than one ballot. All lists shall be open to inspection at the close of voting.

(c)      Questions of voter eligibility shall be determined by the district caucus supervisor.

(d)      No provisional, absentee, or proxy ballots shall be allowed.

**Rule No. 8**
(a)      The Caucus Committee shall provide one ballot box at each district caucus precinct. Such boxes may be of cardboard construction. The district caucus supervisor shall ensure that the ballot box is empty at the commencement of voting.

(b)      Each registered Republican voter, provided they meet the eligibility requirements of these rules, shall be given an official ballot and allowed to cast their vote in private. Each such voter shall then deposit the ballot in the ballot box provided for such purpose by the Caucus Committee.

(c)      As soon as practicable after the conclusion of voting, the district caucus supervisors shall empty the ballot boxes and proceed to count the votes. As soon thereafter, the results of the counting shall be reported in writing to the Caucus Committee. The report shall include the total number of voters, the number of ballots casts, and the number of ballots rejected or spoiled. All ballots, including spoiled ballots,

voter participation lists, and count sheets shall be preserved until the Caucus Committee certifies the results as final.

(d)      Final certification of the results of the Republican Territorial Caucus shall be given by the Caucus Committee no later than the fifth day after the caucus.

(e)      Any tie in the results shall be determined by a flip of the coin.

(f)      A ballot shall be spoiled if (1) the ballot contains lewd, impertinent, or extraneous markings; (2) if the ballot is substantially torn or defaced; (3) if the ballot bears obvious evidence of tampering; (4) if more votes are cast than the number of candidates to be elected; and (5) if votes are cast for both a ticket and individual candidates.

(g)      No electioneering shall take place within district caucus precincts. This shall include the posting of signs and distribution of handbills.

(h)      A candidate may send a designated representative to observe the counting of ballots, but said representative shall not interfere with or object to the counting of ballots. Any dispute or challenge must be filed in compliance with Rule No. 2. Any person seeking to observe the counting of ballots on behalf of a candidate for the aforesaid offices shall present credentials designating them as representatives of their candidate to the district caucus supervisor for accreditation. The credentials must bear the original signature of the candidate.

(i)      The Caucus Committee shall be empowered to promulgate additional rules, regulations, and procedures based upon generally accepted election practices.

**Rule No. 9**
(a)      The chairman of the Caucus Committee may publish unofficial results upon the tallying of votes after the period of voting has concluded.

(b)      Official results shall be published by the chairman of the Caucus Committee upon final certification by the Caucus Committee. Notice shall also be given by the state chairman of the Republican Party of the United States Virgin Islands, who, together with the secretary of the State Committee, shall make a filing of the results to the supervisor of Elections. The filing shall include the full name and address of all candidates nominated for federal and territorial office and all candidates elected to party office.

# THE RULES OF THE REPUBLICAN PARTY

As adopted by the 2016
Republican National Convention
July 18, 2016

*Amended by the Republican National
Committee on July 20, 2018

Exhibit 2



## **TABLE OF CONTENTS**

### **THE REPUBLICAN
NATIONAL COMMITTEE**

RULE NO. 1
*Organization of the Republican National
Committee.............................................................. 1*

RULE NO. 2
*Method of Election for National Committeeman
and National Committeewoman ............................ 1*

RULE NO. 3
*Term of Office for National Committee
Members ................................................................ 2*

RULE NO. 4
*Vacancies of Members and Officers...................... 2*

RULE NO. 5
*Officers of the Republican National Committee.... 3*

RULE NO. 6
*Executive Committee of the Republican National
Committee.............................................................. 5*

RULE NO. 7
*Rules of Order....................................................... 6*

RULE NO. 8
*Meetings of the Republican National
Committee.............................................................. 7*

RULE NO. 9
*Filling Vacancies in Nominations ........................ 8*

RULE NO. 10
*Committees of the Republican National
Committee.............................................................. 9*

RULE NO. 11
*Candidate Support............................................... 14*

RULE NO. 12
*Amendments.......................................................... 15*

### **CONVENING OF THE NEXT NATIONAL
CONVENTION**

RULE NO. 13
*Call of Next Convention....................................... 15*

RULE NO. 14
*Membership in Convention................................... 15*

RULE NO. 15
    *Participation in the Delegate Selection
    Process*............................................................. *18*

RULE NO. 16
    *Election, Selection, Allocation, or Binding of
    Delegates and Alternate Delegates* .................... *18*

RULE NO. 17
    *Enforcement of Rules*.......................................... *26*

RULE NO. 18
    *Vacancies in a State Delegation* ......................... *28*

RULE NO. 19
    *Excess Delegates and Alternate Delegates*.......... *28*

RULE NO. 20
    *Certification of Election or Selection of
    Delegates* ............................................................ *29*

RULE NO. 21
    *Contests: Resolution by States*............................ *30*

RULE NO. 22
    *Temporary Roll of the Republican National
    Convention*.......................................................... *31*

RULE NO. 23
    *Contest Filing* .................................................... *31*

RULE NO. 24
    *Contest Procedure* .............................................. *32*

RULE NO. 25
    *Convention Committee on Credentials*................ *33*

**PROCEEDINGS OF NATIONAL CONVENTION**

RULE NO. 26
    *Order of Business* ............................................... *34*

RULE NO. 27
    *Committee Reports* ............................................. *35*

RULE NO. 28
    *Admission to Convention Hall* ............................ *35*

RULE NO. 29
    *Voting*.................................................................. *36*

RULE NO. 30
    *Rules of Order*.................................................... *36*

RULE NO. 31
    *Length of Debate* ................................................ *36*

RULE NO. 32
    *Suspension of Rules*............................................ *37*

RULE NO. 33
*Platform Resolutions* ........................................... *37*

RULE NO. 34
*Minority Reports; Amendments* ........................... *37*

RULE NO. 35
*Motion to Table* .................................................... *38*

RULE NO. 36
*Previous Question* ................................................ *38*

RULE NO. 37
*Roll Call* ............................................................... *38*

RULE NO. 38
*Unit Rule* .............................................................. *39*

RULE NO. 39
*Record Vote* .......................................................... *39*

RULE NO. 40
*Nominations* .......................................................... *40*

RULE NO. 41
*Convention Committees* ........................................ *41*

RULE NO. 42
*Temporary Rules* ................................................... *43*

## PREAMBLE

BE IT RESOLVED, That the Republican Party is the party of the open door. Ours is the party of liberty, the party of equality, of opportunity for all, and favoritism for none.

It is the intent and purpose of these rules to encourage and allow the broadest possible participation of all voters in Republican Party activities at all levels and to assure that the Republican Party is open and accessible to all Americans.

BE IT FURTHER RESOLVED, That the following be and hereby are adopted as *The Rules of the Republican Party*, composed of the rules for the election and government of the Republican National Committee until the next national convention, the rules under which delegates and alternate delegates shall be allotted to the respective states in the next national convention, and the rules under which such delegates and alternate delegates shall be elected and under which contests shall be considered, and the rules of business of this national convention.

**THE REPUBLICAN
NATIONAL COMMITTEE**

### RULE NO. 1
**Organization of the Republican National
Committee**

(a)    The Republican National Committee shall have the general management of the Republican Party, based upon the rules adopted by the Republican National Convention. The members of the Republican National Committee shall consist of one (1) national committeeman and one (1) national committeewoman from, and the chairman of the state Republican Party of, each state.

(b)    For the purposes of this rule and all other rules, "state" or "states" shall be taken to include American Samoa, the District of Columbia, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands, except in Rule No. 14, and unless the context in which the word "state" or "states" is used clearly makes such inclusion inappropriate.

### RULE NO. 2
**Method of Election for National Committeeman
and National Committeewoman**

(a)    Where the rules adopted by a state Republican Party provide a method of election of the national committeeman and the national committeewoman, they shall be elected pursuant to such method.

(b)    Where the rules adopted by a state Republican Party do not provide a method of election of the national committeeman and the national committeewoman, and where state laws do provide such a method of election, they shall be elected pursuant to such method provided by state laws.

(c)    Where neither the rules adopted by a state Republican Party nor state laws provide a method of election of the national committeeman and the national committeewoman, the national convention delegation from such state shall elect them.

(d)    At each national convention, the chairman of the delegation from each state shall submit the names of the elected national committee members to the secretary of the convention and their election shall be ratified by the national convention if

otherwise in accordance with these rules.

## RULE NO. 3
### Term of Office for National Committee Members

(a) National committeemen and national committeewomen shall serve from the adjournment of the national convention until the adjournment of the following national convention. While newly elected members may be ratified simultaneously, for seniority purposes, newly elected committee members shall be considered ratified in order of the date of their individual election.

(b) The duly elected and acting chairman of each state Republican Party shall be a member of the Republican National Committee during his or her term in office.

## RULE NO. 4
### Vacancies of Members and Officers

(a) Election of members to fill vacancies in the Republican National Committee shall be ratified by the Republican National Committee after their election by the state Republican Party in and for the state in which the vacancy occurs.

(b) The Republican National Committee shall have the power to declare vacant the seat of any member who refuses to support the Republican nominee for President of the United States or Vice President of the United States.

(c) In the event of the death, resignation, disqualification, removal, or disability of any officer of the Republican National Committee or member of a committee of the Republican National Committee, such vacancy shall be filled by the same body and in the same manner as provided herein for the election of such officer or officers or committee members in the first instance. In the case of a vacancy in the office of either secretary or treasurer of the Republican National Committee, the chairman shall appoint an acting secretary or acting treasurer from among the members or officers of the Republican National Committee who shall serve until the next meeting of the Republican National Committee, when an election to fill such vacancy shall occur. In the event of the death, resignation, disqualification, removal, or disability of the chairman, the co-chairman shall serve as temporary chairman until the members of the

Republican National Committee fill the vacancy in accordance with the provisions of this section. All appointees of the chairman of the Republican National Committee shall serve at the pleasure of the chairman until removed by the chairman, until replaced by another appointee, until the position is eliminated, or until the position is vacated by the appointee. Unless otherwise specified by these rules, appointments are not affected by the subsequent vacancy of the chairmanship by the appointing chairman.

(d) In the event of the death, resignation, disqualification, removal, or disability of any member of the Republican National Committee, the vacancy shall be filled according to adopted state Republican Party rules. If no rule exists, vacancies shall be filled by majority vote of the Republican state committee.

## RULE NO. 5
### Officers of the Republican National Committee

(a) The officers of the Republican National Committee shall consist of:

(1) A chairman and a co-chairman of the opposite sex who shall be elected by the members of the Republican National Committee. The chairman or co-chairman need not be a member of the Republican National Committee. Except as otherwise ordered by a majority of the members of the Republican National Committee present and voting on the matter, the chairman and the co-chairman shall be full-time, paid employees of the Republican National Committee. The chairman shall be the chief executive officer of the Republican National Committee. The co- chairman shall perform such duties as are assigned by the chairman. The chairman or co-chairman may be removed from office only by a two-thirds (2/3) vote of the members of the Republican National Committee.

(2) Eight (8) vice chairmen who shall be elected at regional caucuses by the Republican National Committee members of the four (4) regions and shall be residents of, and Republican National Committee members from, their respective regions. The election shall take place in January of each odd-numbered year. The election of vice chairmen shall not require confirmation by the Republican National Committee. The vice chairmen shall preside at all meetings of their respective regions. The eight (8) vice chairmen shall be comprised of one (1) man and one (1) woman from each of the following four regions:

(i) The Western States Region: Alaska, American Samoa, Arizona, California, Colorado, Guam, Hawaii, Idaho, Montana, Nevada, New Mexico, Northern Mariana Islands, Oregon, Utah, Washington, and Wyoming;

(ii) The Midwestern States Region: Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, and Wisconsin;

(iii) The Northeastern States Region: Connecticut, Delaware, the District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Puerto Rico, Rhode Island, Vermont, and the Virgin Islands; and

(iv) The Southern States Region: Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, and West Virginia.

(3) A secretary, a treasurer, and such other officers as the Republican National Committee shall deem necessary, all to be elected by the Republican National Committee. The secretary and treasurer shall be members or officers of the Republican National Committee when elected. A secretary, treasurer, and other such officers elected by the Republican National Committee may be removed from office only by a two-thirds (2/3) vote of the entire Republican National Committee. The secretary shall keep an accurate record of the proceedings of the meetings of the Republican National Committee, the Executive Committee, and all other committees of the Republican National Committee. The secretary may appoint assistant secretaries, who shall be members of the Republican National Committee, to assist the secretary in keeping the minutes of meetings and committees other than the Republican National Committee and the Executive Committee. The treasurer shall receive and safely keep all funds of the Republican National Committee and any committee or other entity under its control, shall make approved disbursements, and shall maintain an accurate accounting of all financial transactions.

(b) The chairman, co-chairman, and all other officers shall be elected in January of each odd-

numbered year. All officers, except the vice chairmen, shall be nominated from the floor and shall have at least the majority vote of the Republican National Committee members in each of three (3) states in order to have their names placed in nomination. There shall be no nominating committee.

(c) The chairman shall appoint a general counsel for the Republican National Committee, who also will serve as counsel to committees and subcommittees of the Republican National Committee, and a chairman of the Republican Finance Committee, both of whom shall be confirmed by the Republican National Committee and shall serve at the will of the chairman. Neither the general counsel nor the chairman of the Republican Finance Committee need be a member of the Republican National Committee.

## RULE NO. 6
### Executive Committee of the Republican National Committee

(a) There shall be an Executive Committee of the Republican National Committee to consist of thirty (30) officers and members of the Republican National Committee: the chairman, the co-chairman, the vice chairmen, the secretary, the treasurer, the general counsel, the chairman of the Republican Finance Committee, the chairman of the Standing Committee on Rules, the chairman of the Standing Budget Committee, the chairman of the Standing Committee on Resolutions, the chairman of the Republican State Chairmen's Advisory Committee, the chairman of the Standing Committee on Presidential Primary Debates, three (3) members to be appointed by the chairman, and eight (8) additional members to consist of one (1) man and one (1) woman elected by and from each of the four (4) regional caucuses in January of each odd-numbered year.

(b) The Executive Committee may exercise all of the executive and administrative functions required of the Republican National Committee between meetings of the Republican National Committee, with the exception of the following:

(1) election of officers of the Republican National Committee;

(2) issuance of the call and designation of the time and place for holding the national convention; and

(3) filling a vacancy in the office of Republican candidate for President of the United States or Republican candidate for Vice President of the United States.

(c)  The Executive Committee shall meet on the call of the chairman and such meetings shall be held at least twice in each year. In addition, upon written petition of at least twenty-five percent (25%) of the members of the Executive Committee, the chairman, within ten (10) days of receipt of said petition, shall call a meeting of the Executive Committee to be held in a city to be designated by the chairman. The date of such meeting shall fall between ten (10) and twenty (20) days from the date of the call. The draft minutes of each Executive Committee meeting shall be made available within thirty (30) days after the close of the meeting to all members of the Republican National Committee.

(d)  The Executive Committee may meet and act by telephone conference upon twenty-four (24) hours' notice.

## RULE NO. 7
### Rules of Order

(a)  The current authorized edition of *Robert's Rules of Order: Newly Revised* ("*Robert's Rules of Order*") shall govern in all meetings of the Republican National Committee and its committees insofar as they are applicable and not inconsistent with these rules.

(b)  All meetings of the Republican National Committee and all of its committees shall be open meetings, except as provided for by *Robert's Rules of Order*. For purposes of *The Rules of the Republican Party*, the term "open meeting" shall mean a meeting open for attendance by all members of the Republican National Committee and any registered guests of members of the Republican National Committee. Nothing herein shall preclude the provisions of *Robert's Rules of Order* with regard to going into executive session.

(c)  A member of the Republican National Committee may give a written proxy to an eligible and declared Republican voter of the same state, which shall be effective for one (1) meeting and may include all committees of the Republican National Committee

and other meetings held in conjunction with the Republican National Committee meeting that the proxy grantor is eligible to attend. A member of a committee of the Republican National Committee may give a written proxy to an eligible and declared Republican voter of the same state or to a member of the member's state delegation to the Republican National Committee. Proxies to attend Republican National Committee meetings shall be filed by letter, email or other acceptable form with the secretary of the Republican National Committee. Proxies to attend a committee of the Republican National Committee shall be filed by letter, email, or other acceptable form with the chairman of the respective committee. For any committee of the Republican National Committee where members are elected by region, those committee members who have been elected by their region may give a written proxy to a member of the member's regional caucus within the Republican National Committee, with the approval of that caucus's regional vice chairmen. Those members who have been appointed by the chairman may give a written proxy to a member of the Republican National Committee, with the approval of the chairman of the Republican National Committee.

(d) No votes (except elections to office when properly ordered pursuant to the provisions of *Robert's Rules of Order*) shall be taken by secret ballot in any open meeting of the Republican National Committee or of any committee thereof.

(e) A prayer and the Pledge of Allegiance shall be conducted at the beginning of all meetings of the committees listed in these rules, including meetings of all subcommittees, immediately following the call to order by the chairman.

(f) For the purposes of these rules, unless otherwise specified, "mail" shall be defined as mail by the United States Postal Service, electronic mail, or private mail delivery service.

## RULE NO. 8
### Meetings of the Republican National Committee

(a) The Republican National Committee shall meet at least two (2) times in each year. A tentative agenda for each meeting shall be mailed to the membership at least ten (10) days prior to such meeting. The minutes, including all resolutions and motions, shall be mailed to all members of the

Republican National Committee within thirty (30) days after the close of the meeting. In addition, the Republican National Committee shall conduct a training session only for members or their designee at least one time in each year.

(b) The first meeting of the Republican National Committee shall take place within five (5) days after the adjournment of the national convention. Such meeting and all other meetings of the Republican National Committee shall take place upon the call of the chairman, or, in case of a vacancy in the chairmanship, upon the call of the co-chairman, or, in case of a vacancy in the chairmanship and the co- chairmanship, upon the call of the vice chairman senior in time of service as a member of the Republican National Committee; provided, however, that such call shall be issued at least ten (10) days in advance of the date of the proposed meeting, except that if one of the purposes of a meeting of the Republican National Committee is to fill a vacancy in the office of Republican candidate for President of the United States or Republican candidate for Vice President of the United States, then only five (5) days' notice of the purpose, date, and place of said meeting shall be required. Upon written petition of sixteen (16) or more members of the Republican National Committee, representing no fewer than sixteen (16) states, filed jointly or severally with the chairman, requesting a meeting of the Republican National Committee, it shall be the duty of the chairman, within ten (10) days of receipt of said petition, to issue a call for a meeting of the Republican National Committee, to be held in a city to be designated by the chairman, the date of such called meeting to be not later than twenty (20) days or earlier than ten (10) days from the date of the call.

# RULE NO. 9
## Filling Vacancies in Nominations

(a) The Republican National Committee is hereby authorized and empowered to fill any and all vacancies which may occur by reason of death, declination, or otherwise of the Republican candidate for President of the United States or the Republican candidate for Vice President of the United States, as nominated by the national convention, or the Republican National Committee may reconvene the national convention for the purpose of filling any such vacancies.

(b) In voting under this rule, the Republican National Committee members representing any state

shall be entitled to cast the same number of votes as said state was entitled to cast at the national convention.

(c)  In the event that the members of the Republican National Committee from any state shall not be in agreement in the casting of votes hereunder, the votes of such state shall be divided equally, including fractional votes, among the members of the Republican National Committee present or voting by proxy.

(d)  No candidate shall be chosen to fill any such vacancy except upon receiving a majority of the votes entitled to be cast in the election.

## RULE NO. 10
### Committees of the Republican National Committee

(a) There shall be the following committees:

(l)   There shall be a Standing Committee on Rules of the Republican National Committee, composed of one (1) member of the Republican National Committee from each state, to review and propose recommendations with respect to *The Rules of the Republican Party*. The members of the Republican National Committee from each state shall caucus and, by majority vote, choose from their number a member to serve on this committee. The chairman of the Standing Committee on Rules, and such other officers as the Standing Committee on Rules shall deem necessary, shall be elected by the committee from among its members. The Standing Committee on Rules shall first consider all rule amendments submitted by any member of the committee at least ten (10) days before the day on which General Session shall be held at any regularly called meeting of the Republican National Committee or at least three (3) days before a specially called meeting to be considered by the Standing Committee on Rules.

(2)   There shall be a Standing Committee on Resolutions, which shall be composed of two (2) members of the Republican National Committee from each of the four (4) regions described in Rule No. 5(a)(2), elected by the members of the Republican National Committee from each such region, and a chairman appointed by the chairman of the Republican National Committee from among the members of the Republican National Committee.

(i)    The Standing Committee on Resolutions shall consider all resolutions submitted by any member for adoption by the Republican National Committee at least ten (10) days before the day on which General Session shall be held at any regularly called meeting of the Republican National Committee or at least three (3) days before a specially called meeting. To be considered timely submitted, a resolution must be received by the chairman of the Standing Committee on Resolutions by the submission deadline, followed by the original signed resolution before the beginning of the meeting of the Standing Committee on Resolutions. All co-sponsorship forms shall be due before the beginning of the meeting. This committee shall report to the Republican National Committee all adopted resolutions, with amendments where applicable, for its consideration. Resolutions that are not adopted by this committee shall be reported for informational purposes only to the Republican National Committee.

(ii)    The Standing Committee on Resolutions shall report out, without amendment and for consideration by the Republican National Committee, any resolution submitted in writing and supported by at least two (2) members of the Republican National Committee from each of ten (10) states, which is dated and submitted to the chairman of the Standing Committee on Resolutions at least ten (10) days before any regularly called meeting of the Republican National Committee or at least three (3) days before a specially called meeting. In the event of a memorial resolution submitted in response to the passing of the person so remembered, the ten (10) day requirement may be waived by the Standing Committee on Resolutions.

(3)    The Republican National Committee shall create a Standing Budget Committee and any subcommittees thereof that it deems desirable, to which it may delegate the responsibility of developing a budget and reviewing income and expenditures of the Republican National Committee. The Standing Budget Committee shall be composed of eleven (11) members of the Republican National Committee, three (3) of whom shall be appointed by the chairman of the Republican National Committee, and each of the four (4) regions shall elect two (2) members, one (1) man and one (1) woman, at its regional caucus held in January of each odd-numbered year (as provided in Rule No. 5(a)(2)) and the following shall serve as *ex officio* members of the

Standing Budget Committee: the chairman, co-chairman, and treasurer of the Republican National Committee, and the chairman of the Republican Finance Committee. The chairman of the Republican National Committee shall make every effort in such appointments to ensure that an equal number of men and women serve on the Standing Budget Committee. The chairman of the Republican National Committee shall appoint the chairman of the Standing Budget Committee from among the members thereof. The annual budget shall be approved at the first meeting of the Republican National Committee held in each year. The proposed budget, in reasonable detail, shall be mailed to all members of the Republican National Committee at least ten (10) days prior to such meeting.

(4)   There shall be a Standing Committee on Site Selection of the Republican National Convention, which shall be composed of two (2) members of the Republican National Committee from each of the four (4) regions described in Rule No. 5(a)(2), elected by the members of the Republican National Committee from each such region, and a chairman appointed by the chairman of the Republican National Committee from among the members or officers of the Republican National Committee. This committee shall be responsible for investigating potential sites for the next national convention and for recommending a site to the Republican National Committee for selection. This committee shall be selected no later than two (2) years following the presidential election. Each of the four (4) regions shall elect an alternate who is a member of the Republican National Committee from such region, who shall act, in the event an elected member from the region shall be unable to act by reason of death, resignation, or disability.

(5)   There shall be a Standing Committee on Arrangements to plan for and manage the next national convention.

(i)   The chairman of the Republican National Committee shall appoint the members of the Standing Committee on Arrangements, which shall consist of at least one (1) member of the Republican National Committee from each state, all of whom, other than the chairman, who may be appointed at any time, shall be appointed after the Winter Meeting of the Republican National Committee in the year before a Presidential election. The chairman of the Republican National Committee shall appoint a chairman and co- chairman, who shall be members of

the committee, and such other officers as the chairman of the Republican National Committee desires. The secretary and treasurer of the Republican National Committee shall be the secretary and treasurer of the committee. The chairman, co-chairman, secretary, and treasurer of the Republican National Committee, and the chairman of the standing Committee on Rules, shall be *ex officio* members of the committee

(ii)   There shall be an Executive Committee of the committee which shall consist of the chairman, co-chairman, secretary, treasurer, and subcommittee chairmen of the committee and which may exercise all the powers of the committee between its meetings. The chairman and co-chairman of the Republican National Committee shall serve as *ex officio* members of the Executive Committee of the committee.

(6)   There shall be a Standing Committee on the Call, composed of a chairman and at least seven (7) members of the Republican National Committee who shall be appointed by the chairman of the Republican National Committee. This committee shall assist the Republican National Committee in connection with the issuance of the call for the next national convention pursuant to Rule No. 13. This committee shall be appointed after the selection of the Standing Committee on Rules and the Standing Committee on Arrangements.

(7)   There shall be a Standing Committee on Contests, which shall be composed of two (2) members of the Republican National Committee from each of the four (4) regions described in Rule No. 5(a)(2), elected by members of the Republican National Committee from each such region, and a chairman appointed by the chairman of the Republican National Committee from among the members or officers of the Republican National Committee. This committee shall perform the duties relating to the resolution of contests prescribed in Rule No. 24. This committee shall be elected after the selection of the Standing Committee on Rules and Standing Committee on Arrangements.

(8)   There shall be a State Chairmen's Advisory Committee, composed of the state chairman of each of the states, the chairman of which shall be appointed by the chairman of the Republican National Committee from among its members. The committee shall provide a forum for discussion among state chairmen of matters of concern

to them, but the committee shall take no formal action.

The committee shall meet at each meeting of the Republican National Committee.

(9) The Republican National Committee shall create a Republican Finance Committee, and any subcommittees thereof that it deems desirable, to which it may delegate the responsibility of developing and implementing a broad-based fundraising plan. The chairman of the Republican Finance Committee shall be appointed pursuant to the provisions of Rule No. 5(c).

(10) There shall be a temporary Committee on the Presidential Nominating Process to review the rules governing the nomination of the Republican Party's presidential nominee. The chairman of the Republican National Committee shall appoint all temporary members of the temporary Committee on the Presidential Nominating Process, not to exceed eleven (11) members, and shall appoint one as chairman, and the chairman of the Republican National Committee shall serve as an *ex officio* member. The chairman of the Republican National Committee shall convene the temporary Committee on the Presidential Nominating process at his discretion, but no later than June 30, 2017. The temporary Committee on the Presidential Nominating Process shall make any recommendations it deems appropriate and report such recommendations to the Republican National Committee no later than May 31, 2018. The temporary Committee on the Presidential Nominating Process shall disband following the transmittal of its report. Necessary and proper resources of the Republican National Committee shall be made available to fund the efforts of this committee.

(b) All members of the Standing Committees shall be members of the Republican National Committee.

(c) The draft minutes of these committees shall be made available as promptly as practicable, with the final minutes available upon approval of each respective committee, to all members of the Republican National Committee. Any of these committees may meet and act by telephone conference upon twenty-four (24) hours' notice.

(d) The chairman of the Republican National Committee, with the approval of the Republican National Committee, may appoint such other committees and assistants as he or she deems necessary.

Whenever such committees are appointed, they shall consist of a chairman and an equal number of men and women.

(e) Whenever a committee is appointed pursuant to Rule No. 10(d), the committee shall consist of a chairman, who shall be a member of the Republican National Committee, and of other appointees, at least half of whom shall be members of the Republican National Committee.

(f) All committees appointed and/or elected pursuant to any of these rules, except convention committees, may meet by telephone conference call with twenty-four (24) hours' notice from the chairman of the Republican National Committee or the committee's chairman.

(g) All committees appointed and/or elected pursuant to any of these rules, whether separately incorporated and whether a separate reporting entity, shall be under the supervision, direction, and control of the Republican National Committee, and its officers and staff, and shall be subject to and comply with the rules, policies, and procedures of the Republican National Committee, including its budgetary review and approval process, financial controls, legal compliance and review process, and employee policies and manual.

# RULE NO. 11
**Candidate Support**

(a) The Republican National Committee shall not, without the prior written and filed approval of all members of the Republican National Committee from the state involved, contribute money or in-kind aid to any candidate for any public or party office of that state, except the nominee of the Republican Party or a candidate who is unopposed in the Republican primary after the filing deadline for that office. In those states where state law establishes a non-partisan primary in which Republican candidates could participate, but in which the general election may not include a Republican candidate, the candidate endorsed by a convention held under the authority of the state Republican Party shall be recognized by the Republican National Committee as the Republican nominee.

(b) No state Republican Party rule or state law shall be observed that allows persons who have participated or are participating in the selection of any nominee of a party other than the Republican Party,

including, but not limited to, through the use of a multi-party primary or similar type ballot, to participate in the selection of a nominee of the Republican Party for that general election. No person nominated in violation of this rule shall be recognized by the Republican National Committee as the nominee of the Republican Party from that state.

### RULE NO. 12
**Amendments**

The Republican National Committee may, by three-fourths (3/4) vote of its entire membership, amend Rule Nos. 1-11 and 13-25. Any such amendment shall be considered by the Republican National Committee only if it was passed by a majority vote of the Standing Committee on Rules after having been submitted in writing at least ten (10) days in advance of its consideration by the Republican National Committee and shall take effect thirty (30) days after adoption. No such amendment shall be adopted after September 30, 2018.

## CONVENING OF THE NEXT NATIONAL CONVENTION

### RULE NO. 13
**Call of Next Convention**

The Republican National Committee shall issue the call for the next national convention to nominate candidates for President of the United States and Vice President of the United States prior to December 1 of the year prior to that in which the national convention is to be held. The Republican National Committee shall issue and promulgate the call in a manner consistent with these rules. The call shall include the text of the rules relating to the convening and the proceedings of the national convention, in addition to the official delegate count for each state, including any penalties assessed under Rule No. 17(a), and will note which states' delegations will be allocated in direct proportion in accordance with Rule No. 17(b).

### RULE NO. 14
**Membership in Convention**

Subject to the provisions of Rule No. 17, the membership of the next national convention shall consist of:

(a) Delegates.

(1) Ten (10) delegates at large from each of the fifty (50) states.

(2) The national committeeman, the national committeewoman and the chairman of the state Republican Party of each state and American Samoa, the District of Columbia, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands.

(3) Three (3) district delegates for each Representative in the United States House of Representatives from each state.

(4) Six (6) delegates at large from American Samoa, sixteen (16) delegates at large from the District of Columbia, six (6) delegates at large from Guam, six (6) delegates at large from the Northern Mariana Islands, twenty (20) delegates at large from Puerto Rico, and six (6) delegates at large from the Virgin Islands; provided, however, that if Puerto Rico shall become a state prior to the next national convention, the number of delegates from Puerto Rico shall be calculated in accordance with the same formula used for the other states.

(5) From each state having cast its electoral votes, or a majority thereof, for the Republican nominee for President of the United States in the last preceding election: four and one-half (4 1/2) delegates at large plus a number of the delegates at large equal to sixty percent (60%) of the number of electoral votes of that state; provided, however, that if Puerto Rico shall become a state prior to the next national convention, it shall be presumed that it would have cast its electoral votes, or a majority thereof, for the Republican nominee in the last preceding election. (In the computation of the number of delegates at large, any sum of the four and one-half (4 1/2) plus the sixty percent (60%) representing a fraction shall be increased to the next whole number.).

(6) In addition, one (1) delegate at large shall be awarded to a state for any and each of the following public officials elected by such state in the year of the last preceding presidential election or at any subsequent election held prior to January 1 of the year in which the next national convention is held:

(i) A Republican governor, provided that no such additional delegate at large awarded to any state shall exceed one (1);

(ii) Membership in the

Republican Party of at least one-half (1/2) of the representatives representing a state in the United States House of Representatives; provided that no such additional delegate at large awarded to any state shall exceed one (1);

(iii) Membership in the Republican Party of a majority of the members of any chamber of a state legislature, if such chamber has been organized, and is presided over (if the presiding officer is elected by the chamber), by Republicans; provided that no such additional delegate at large awarded to any state shall exceed one (1);

(iv) Membership in the Republican Party of a majority of all chambers of a state legislature, if all such chambers are presided over (if the presiding officer is elected by the chamber), by a Republican; provided that no such additional delegate at large awarded to any state shall exceed one (1).

(7) In addition, one (1) delegate at large shall be awarded to a state for any and each Republican United States Senator elected by such state in the six (6) year period prior to January 1 of the year in which the next national convention is held; provided that no such additional delegate at large awarded to any state shall exceed two (2).

(8) In addition, if the District of Columbia shall have cast its electoral votes, or a majority thereof, for the Republican nominee for President of the United States in the last preceding presidential election: four and one-half (4 1/2) delegates at large plus the number of delegates at large equal to thirty percent (30%) of the sixteen (16) delegates at large allotted to the District of Columbia. In the computation of the number of delegates at large, any sum of the four and one-half (4 1/2) plus the thirty percent (30%) representing a fraction shall be increased to the next whole number.

(b) Alternate Delegates.

One (1) alternate delegate for each delegate to the national convention, except that no alternates shall be selected for Republican National Committee members.

(c) Any state Republican Party may set the date for any primary, caucus, convention, or meeting for the purpose of voting for a presidential candidate and/or electing, selecting, allocating, or binding delegates to the national convention subject to the

scheduling provisions in Rule No. 16. To the extent a state Republican Party's rules are in conflict with its state's laws with respect to this rule, the provisions of this rule and the state Republican Party's rules shall control. To the extent the provisions of the rule are inconsistent with the provisions of Rule No. 16, the provisions of this rule shall be controlling for all purposes.

## RULE NO. 15
### Participation in the Delegate Selection Process

(a) The states, in cooperation with the Republican National Committee Counsel's Office, shall prepare instructive material on delegate election, selection, allocation, or binding methods and make it available for distribution.

(b) Participation in a Republican primary, caucus, or any meeting or convention held for the purpose of electing, selecting, allocating, or binding delegates and alternate delegates to a county, district, state, or national convention shall in no way be abridged for reasons of sex, race, religion, color, age, or national origin. The Republican National Committee and the state Republican Party or governing committee of each state shall take positive action to achieve the broadest possible participation by men and women, young people, minority and heritage groups, senior citizens, and all other citizens in the delegate election, selection, allocation, or binding process.

(c) Unless otherwise provided by the laws of the state in which the election occurs, in those states where delegates and alternate delegates are elected through the convention system or a combination of convention and primary systems, the precinct, ward, township, or county meetings shall be open meetings and all citizens who are qualified shall be urged to participate.

(d) Each state shall endeavor to have equal representation of men and women in its delegation to the Republican National Convention.

(e) The provisions of these rules are not intended to be the basis of any kind of quota system.

## RULE NO. 16
### Election, Selection, Allocation, or Binding of Delegates and Alternate Delegates

(a) Binding and Allocation.

(1) Any statewide presidential preference vote that permits a choice among candidates for the Republican nomination for President of the United States in a primary, caucuses, or a state convention must be used to allocate and bind the state's delegation to the national convention in either a proportional or winner-take-all manner, except for delegates and alternate delegates who appear on a ballot in a statewide election and are elected directly by primary voters.

(2) The Secretary of the Convention shall faithfully announce and record each delegate's vote in accordance with the delegate's obligation under Rule No. 16(a)(1), state law, or state party rule. If any delegate bound by Rule No. 16(a)(1), state party rule, or state law to vote for a presidential candidate at the national convention demonstrates support under Rule No. 40 for any person other than the candidate to whom he or she is bound, such support shall not be recognized. Notwithstanding the provisions of Rule No. 40 regarding formally placing a name in nomination for President of the United States and Vice President of the United States, the votes of all credentialed delegates properly cast according to Rule No. 16(a)(1), state party rule, and state law shall be reported by the state delegation chairman and repeated by the Convention Secretary. Except as provided for by state law or state party rule, no presidential candidate shall have the power to remove a delegate.

(b) Order of Precedence.

Delegates at large and their alternate delegates and delegates from congressional districts and their alternate delegates to the national convention shall be elected, selected, allocated, or bound in the following manner:

(1) In accordance with any applicable Republican Party rules of a state, insofar as the same are not inconsistent with these rules;

(2) To the extent not provided for in the applicable Republican Party rules of a state, in accordance with any applicable laws of a state, insofar as the same are not inconsistent with these rules;

(3) By a combination of the methods set forth in paragraphs (b)(1) or (b)(2) of this rule; or

(4) To the extent not provided by state law or party rules, as set forth in paragraph (e) of this rule.

(c) Timing and Allocation.

(1) No primary, caucus, convention, or other process to elect, select, allocate, or bind delegates to the national convention shall occur prior to March 1 or after the second Saturday in June in the year in which a national convention is held. Except Iowa, New Hampshire, South Carolina, and Nevada may conduct their processes no earlier than one month before the next earliest state in the year in which a national convention is held and shall not be subject to the provisions of paragraph (c)(2) of this rule.

(2) Any presidential primary, caucus, convention, or other process to elect, select, allocate, or bind delegates to the national convention that occurs prior to March 15 in the year in which the national convention is held shall provide for the allocation of delegates on a proportional basis.

(3) Proportional allocation of total delegates as required by Rule No. 16(c)(2) shall be based upon the number of statewide votes cast or the number of congressional district votes cast in proportion to the number of votes received by each candidate.

(i) A state may establish by statewide vote or congressional district minimum threshold of the percentage of votes received by a candidate that must be reached, below which a candidate may receive no delegates, provided such threshold is no higher than twenty percent (20%).

(ii) A state may establish by statewide vote or congressional district minimum threshold of the percentage of votes received by a candidate that must be reached, above which the candidate may receive all the delegates, provided such threshold is no lower than fifty percent (50%).

(d) General.

In all elections or selections of delegates or alternate delegates to the national convention, the following rules shall apply:

(1) Delegates and alternate delegates to the national convention may be elected,

selected, allocated, or bound only in one of the following manners:

(i) by primary election;

(ii) by the Republican state committee, where specifically provided by state law;

(iii) by state and congressional district conventions;

(iv) by any method consistent with these rules by which delegates and alternate delegates were elected, selected, allocated, or bound to the most recent Republican National Convention from that state; or

(v) by Rule No. 14 (a)(2) of these rules.

(2) Only persons eligible to vote who are deemed as a matter of public record to be Republicans pursuant to state law or, if voters are not enrolled by party, by Republican Party rules of a state shall participate in any primary election held for the purpose of electing delegates or alternate delegates to the national convention or in any Republican caucus, mass meeting, or mass convention held for the purpose of selecting delegates to the county, district, or state conventions, and only such legal and qualified voters shall be elected as delegates to county, district, and state conventions; provided, however, that in addition to the qualifications provided herein, the applicable Republican Party rules of a state may prescribe additional qualifications not inconsistent with law, which additional qualifications shall be adopted before October 1 in the year before the year in which the national convention is to be held and published in at least one (1) newspaper having a general circulation throughout the state, such publication to be at least ninety (90) days before such qualifications become effective.

(3) No state law shall be observed that permits any person to participate in a primary delegate and alternate delegate selection process that also permits that person at the same primary to participate in the choosing of nominees of any other party for other elective office. Delegates and alternate delegates to the national convention shall in that event be selected pursuant to state Republican Party rules that are not inconsistent with *The Rules of the Republican Party*; provided, however, that the selection process

established by the state Republican Party rules shall provide that only persons eligible to vote who are deemed to be Republicans pursuant to state law or state Republican Party rules shall participate in such delegate election or selection process.

(4) In any jurisdiction in which Republican representation upon the board of judges or inspectors of elections for primary elections is denied by law, delegates and alternate delegates shall be elected as provided in paragraph (b) of this rule.

(5) In electing or selecting delegates and alternate delegates to the national convention, no state law shall be observed which hinders, abridges, or denies to any citizen of the United States, eligible under the Constitution of the United States to hold the office of President of the United States or Vice President of the United States, the right or privilege of being a candidate under such state law for the nomination for President of the United States or Vice President of the United States or which authorizes the election or selection of a number of delegates or alternate delegates from any state to the national convention different from that fixed in these rules.

(6) Alternate delegates shall be elected to the national convention for each unit of representation equal in number to the number of delegates elected therein and shall be chosen in the same manner and at the same time as the delegates and under the same rules; provided, however, that if the law of any state shall prescribe another method of choosing alternate delegates, they may be chosen in accordance with the provisions of the law of the state in which the election occurs, except that no alternates shall be selected for Republican National Committee members.

(7) Any process authorized or implemented by a state Republican Party for selecting delegates and alternate delegates or for binding the presidential preference of such delegates shall use every means practicable to guarantee the right of active duty military personnel and individuals unable to attend meetings due to injuries suffered in military service the opportunity to exercise their right to vote in that process. This rule is not intended to and shall not prevent a state from using a caucus or convention process that may or may not elect presidential delegates or alternate delegates.

(8) Delegates and alternate delegates at large to the national convention, when

serving as delegates and alternate delegates, shall be residents of and duly qualified voters in their respective states. All delegates and alternate delegates allocated as delegates and alternate delegates at large shall be elected at large in the several states.

(9) Delegates and alternate delegates to the national convention representing congressional districts shall be residents of and qualified voters in said districts, respectively when elected and when serving as delegates and alternate delegates. There shall be three (3) delegates and three (3) alternate delegates allocated to represent each congressional district of the several states, who shall be elected by each such congressional district.

(10) No delegate or alternate delegate, or candidate for delegate or alternate delegate, to the national convention shall be required to pay an assessment or fee in excess of that provided by the law of the state in which his or her election or selection occurs as a condition of standing for election or serving as a delegate or alternate delegate to the national convention.

(11) There shall be no automatic delegates to the national convention who serve by virtue of party position or elective office, except as provided for in Rule No. 14(a)(2).

(12) No delegates or alternate delegates shall be elected, selected, allocated, or bound pursuant to any Republican Party rule of a state or state law which materially changes the manner of electing, selecting, allocating, or binding delegates or alternate delegates or the date upon which such state Republican Party holds a presidential primary, caucus, convention, or meeting for the purpose of voting for a presidential candidate and/or electing, selecting, allocating, or binding delegates to the national convention, if such changes were adopted or made effective after October 1 of the year before the year in which the national convention is to be held. Where it is not possible for a state Republican Party to certify the manner and the date upon which it holds a presidential primary, caucus, convention, or meeting for the purpose of voting for a presidential candidate and/or electing, selecting, allocating, or binding delegates to the national convention in effect in that state on the date and in the manner provided in paragraph (f) of this rule, the process for holding the presidential primary, caucus, convention, or meeting for the purpose of voting for a presidential candidate and/or electing, selecting,

allocating, or binding delegates to the national convention shall be conducted in the same manner and held upon the same date as was used for the immediately preceding national convention. If it is not possible to hold a presidential primary, caucus, convention, or meeting for the purpose of voting for a presidential candidate and/or electing, selecting, allocating, or binding delegates to the national convention upon the same date as was used for the immediately preceding national convention, then delegates or alternate delegates shall be elected or selected by congressional district or state conventions pursuant to paragraph (e) of this rule.

(e) Conventions.

Wherever state law permits, or the Republican Party rules of a state require, the election of delegates and alternate delegates by convention, or there is no applicable state law or Republican Party rule, delegates and alternate delegates to the national convention shall be elected by congressional district or state conventions pursuant to the following rules:

(1) Congressional district or state conventions shall be called by the Republican state committee.

(2) Delegates to congressional district conventions may be elected in precinct caucuses, mass meetings, mass conventions, or county conventions in which only eligible voters in such precinct, county, or district, as the case may be, shall vote.

(3) Notices of the call for any such caucus, meeting, or convention shall be published in a newspaper or newspapers or on the state party's website or other method sufficient for general circulation in the county, district, or state, as the case may be, not less than fifteen (15) days prior to the date of such caucus, meeting, or convention.

(4) No delegates shall be deemed eligible to participate in any congressional district or state convention the purpose of which is to elect or select delegates to the national convention who are elected or selected prior to the date of the issuance of the call of such national convention.

(5) Congressional district conventions shall be composed of delegates who are persons eligible to vote and who are deemed to be

Republicans pursuant to state law or party rules. State conventions shall be composed of delegates who are persons eligible to vote and who are deemed to be Republicans pursuant to state law or party rules in the respective districts that they represent in said state conventions. Such delegates shall be apportioned by the state Republican Party among counties, parishes, and cities of the state or district having regard to the Republican vote or the population therein.

(6) There shall be no proxies at any district or state convention (which shall not include meetings of a Republican state committee) held for the purpose of electing or selecting delegates to the national convention. If alternate delegates to such selection convention are elected or selected, the alternate delegate and no other shall vote in the absence of the delegate.

(f) Certification and filing by the state committees.

(l) On or before October 1 of the year before the year in which the national convention is to be held, each Republican state committee shall adopt rules, procedures, policies, and instructive materials (prepared pursuant to Rule No. 15(a)) governing the election, selection, allocation, or binding of delegates and alternate delegates to the national convention to convene during the following year and shall certify and file with the secretary of the Republican National Committee true copies of the same and of all statutes governing the election, selection, allocation, or binding of such delegates and alternate delegates.

(2) The Republican National Committee may grant a waiver to a state Republican Party from certain provisions of this rule where it is not possible for a state Republican Party to comply with the October 1 deadline delineated in paragraph (f)(1) of this rule and not possible for a state Republican Party to hold its presidential primary, caucus, convention, or meeting for the purpose of voting for a presidential candidate and/or electing, selecting, allocating, or binding delegates to the national convention as was used for the immediately preceding national convention or to elect, select, allocate, or bind delegates or alternate delegates by congressional district or state conventions pursuant to paragraph (e) of this rule, and the Republican National Committee determines that granting such waiver is in the best interest of the Republican Party

(3) The Republican National Committee may grant a waiver to a state Republican Party from the provisions of Rule Nos. 16(a)(1) and (2) where compliance is impossible and the Republican National Committee determines that granting such waiver is in the best interests of the Republican Party.

## RULE NO. 17
### Enforcement of Rules

(a) If any state or state Republican Party violates Rule No. 16(c)(2), the number of delegates and the number of alternate delegates to the national convention from that state shall each be reduced by fifty percent (50%). Any sum presenting a fraction shall be decreased to the next whole number. No delegation shall be reduced to less than two (2) delegates and a corresponding number of alternate delegates. If any state or state Republican Party violates Rule No. 16(c)(1) of these rules, the number of delegates to the national convention shall be reduced for those states with thirty (30) or more total delegates to nine (9) plus the members of the Republican National Committee from that state, and for those states with twenty-nine (29) or fewer total delegates to six (6) plus the members of the Republican National Committee from that state. The corresponding alternate delegates shall also be reduced accordingly.

(b) If any state or state Republican Party violates Rule No. 16(c)(2) of these rules, the Republican National Convention shall provide for the allocation of the selected at large delegates (excluding members of the Republican National Committee) among the candidates who received more than 10% of the votes cast in such primary, convention, or caucus in accordance with and in proportion to the votes cast for each such candidate as a part of the total of the votes cast for all such candidates in that primary, convention, or caucus.

(c) If a violation has occurred before the issuance of the call to the national convention, the chairman of the Republican National Committee shall notify the offending state of the violation and shall inform the state of the number of delegates and alternate delegates it will lose as well as, if the state has violated Rule No. 16(c)(2), that its delegates will be allocated in accordance with Rule No. 17(b). The reduced number of delegates and alternate delegates as well as, if applicable, the delegates allocated in direct proportion to votes received will be reflected in the

call to the national convention, and will be reported to the secretary of state or responsible election official of the offending state and to the chairman of every state Republican Party. Said reduced number will be the only number recognized as the official delegation of the state to the national convention.

(d) If a violation has occurred after the issuance of the call to the national convention, the chairman of the Republican National Committee shall notify the state of the violation and shall inform the state of the number of delegates and alternate delegates it will lose, as well as, if applicable, that the delegates will be allocated in direct proportion to votes received. This reduced number of delegates and alternate delegates, as well as, if applicable, the delegates allocated in direct proportion to votes received, will be reported to the secretary of state or responsible election official of the offending state and to the chairman of every state Republican Party, and such reduced number will be the only number recognized as the official delegation of the state to the national convention.

(e) If the chairman of the Republican National Committee does not act upon a violation of Rule No. 16(c) of these rules, then a statement may be filed against a state or state Republican Party by any three (3) members of the Republican National Committee Standing Committee on Rules who feel that a violation has occurred.

(l) A statement filed against a state or state Republican Party by any three (3) members of the Standing Committee on Rules shall be written and shall specify the reasons why the members believe the state or state Republican Party is in violation. The statement shall be signed and dated by each Standing Committee on Rules member filing the statement, and shall be filed with the secretary of the Republican National Committee. The secretary of the Republican National Committee shall, within twenty (20) days of receipt, distribute such statement to all members of the Republican National Committee.

(2) The Standing Committee on Rules shall meet upon the call of the chairman of the Rules Committee and shall vote upon whether a state or state Republican Party is in violation. If by majority vote the Standing Committee on Rules finds a violation, paragraphs (a) and (b) of this rule will be imposed.

(f)   A state or state Republican Party shall have no appeal from either a finding of a violation against it or a penalty imposed upon it under this rule.

### RULE NO. 18
**Vacancies in a State Delegation**

(a)   Where the rules adopted by a state Republican Party provide a method for filling vacancies in its national convention delegation, they shall be filled pursuant to such method.

(b)   Where the rules adopted by a state Republican Party do not provide a method for filling vacancies in its national convention delegation, and where the state laws do provide such a method of replacement, they shall be filled pursuant to such method provided by state laws.

(c)   Where neither the rules adopted by a state Republican Party nor state laws provide a method for filling vacancies in its national convention delegation, the state Republican Party should make every effort to elect those individuals filling the vacancies in the delegation in the same manner as the delegates were originally elected or selected, or by vote of the state Republican Party executive committee, or if the state executive committee has not filled the vacancy by ten (10) days prior to the convention, by vote of the state delegation. This section shall not apply to the delegates allocated to the state in Rule No. 14(a)(2).

(d)   Delegations may fill vacancies until twelve (12) hours prior to the General Session of the Republican National Committee meeting held immediately prior to the Republican National Convention. No vacancy shall be filled after such time except in cases where compliance with this deadline is impossible.

### RULE NO. 19
**Excess Delegates and Alternate Delegates**

(a)   No state shall elect or select a greater number of persons to act as delegates and alternate delegates than the actual number of delegates and alternate delegates, respectively, to which it is entitled under the call for the national convention, including any Rule No. 17 penalties. No unit of representation may elect or select any delegate or alternate delegate

with permission to cast a fractional vote.

(b)   Where more than the authorized number of delegates from any state is certified and forwarded to the secretary of the Republican National Committee in the manner provided in Rule No. 20, a contest shall be deemed to exist and the secretary shall notify the several claimants so reported and shall submit all such credentials and claims to the whole Republican National Committee for decision as to which claimants reported shall be placed upon the temporary roll of the national convention.

## RULE NO. 20
### Certification of Election or Selection of Delegates

(a)   All delegates and alternate delegates shall be elected or selected not later than forty-five (45) days before the date on which the national convention is scheduled to begin, as set in the call for the national convention.

(b)   Subject to the provisions of Rule No. 17, delegates and alternate delegates shall be certified by sending names and addresses in the following manner:

(1)   In every case where they are elected by convention, by the chairman and secretary of such convention or by the chairman and another authorized officer of the Republican state committee, and forwarded to the secretary of the Republican National Committee;

(2)   In every case where they are elected by primary, by the canvassing board or officer created or designated by the law of the state in which the election occurs, to canvass the returns and issue certificates of election to delegates or alternate delegates to national conventions of political parties, and all certificates and/or copies of the certified election results shall be forwarded by the chairman and another authorized officer of the Republican Party for the state in which the election is held to the secretary of the Republican National Committee; and

(3)   In every case where they are elected or selected by the Republican state committee, by the chairman and another authorized officer of the Republican state committee, and forwarded to the secretary of the Republican National Committee.

(c)   No later than thirty-five (35) days before

the date on which the national convention is scheduled to begin, as set in the call for the national convention, the credentials of each delegate and alternate delegate shall be filed with the secretary of the Republican National Committee for use by the secretary in making up the temporary roll of the national convention, except in the case of delegates or alternate delegates elected at a time or times in accordance with the laws of the state in which the election occurs rendering impossible the filing of credentials within the time above specified.

(d) The Executive Committee of the Republican National Committee may grant a waiver to a state Republican Party that is out of compliance with the deadlines imposed by Rule No. 20 as of the date on which the national convention is scheduled to begin, as set in the call for the national convention, and, where after reasonable efforts were made to comply, the state as of the date set forth in Rule No. 16(f)(1) remains out of compliance with the deadlines imposed by Rule No. 20 and the Executive Committee of the Republican National Committee determines that such a waiver is in the best interests of the Republican Party. Notwithstanding the above, if reasonable efforts to change the law are impracticable due to non-Republican control over the governmental entity with the authority to set the date for the delegate selection process, then a waiver shall be granted.

## RULE NO. 21
### Contests: Resolution by States

All contests arising in any state electing district delegates by district conventions shall be decided by its state convention or, if the state convention shall not meet after the district convention in question or prior to the national convention, then by its state committee. Only contests affecting delegates elected or selected at large shall be presented to the Republican National Committee; provided, however, if the contest regarding a district delegate arises out of irregular or unlawful action of the state committee or state convention, the Republican National Committee may take jurisdiction thereof and hear and determine the same under the procedures provided in Rule Nos. 23 and 24.

## RULE NO. 22
### Temporary Roll of the Republican National Convention

(a) The names of the delegates and alternate delegates certified by the officials designated in Rule No. 20 shall be placed upon the temporary roll of the national convention by the Republican National Committee.

(b) No person on the temporary roll of the national convention and whose right to be seated as a delegate or alternate delegate is being contested shall be entitled to vote in the national convention or in any committee thereof until, by vote of the national convention, the contest as to such person has been finally decided and such person has been permanently seated, except that any such person may be accorded the right to so vote, except in matters involving the credentials of that person, by an affirmative vote of a majority of the members of the Republican National Committee or the Convention Committee on Credentials.

## RULE NO. 23
### Contest Filing

(a) Notices of contests shall state: (i) the name and address of the person filing the notice ("the contestant"), (ii) the name of the delegate or alternate delegate being contested, and (iii) the grounds of the contest and the basis of the contestant's claim to sit as a delegate or alternate delegate to the national convention, and shall be filed no later than thirty (30) days before the time set for the meeting of the national convention, with the secretary of the Republican National Committee and shall be sent, simultaneously, by email, certified mail, or other means set forth in the procedural rules adopted by the Standing Committee on Contests to each person being contested and to the chairman of the Republican state committee of the state. In the case of delegates or alternate delegates elected or selected at a time or times in accordance with applicable state law rendering impossible the filing of the notice of contest within the time above specified, such notice must be filed within three (3) days of the certification in accordance with Rule No. 20 of any delegates or alternate delegates so elected or selected.

(b) A contest may be filed against a delegate or alternate delegate only by an individual who ran

unsuccessfully for such position.

(c) No person shall file more than one contest against the same delegate or alternate delegate.

(d) Only contests that are timely filed under these rules shall be considered.

(e) For purposes of the rules relating to contests and credentials, the term "party" shall mean a person or persons who shall have filed a notice of contest pursuant to this Rule No. 23, and the person or persons whose right to be seated as a delegate or alternate delegate is the subject of such notice of contest.

### RULE NO. 24
**Contest Procedure**

(a) The Standing Committee on Contests shall have the power to adopt procedural rules, not inconsistent with these rules, which shall govern the expeditious resolution of contests before the Standing Committee on Contests. When any deadline set out in this rule falls on a Sunday or legal holiday, such deadline shall be extended to the following day.

(b) For the contestant, no later than twenty-seven (27) days and for the contested delegate or alternate delegate, no later than twenty-two (22) days before the convening of the national convention, each of the parties shall file with the secretary of the Republican National Committee a Statement of Position in support of the party's claim to sit as a delegate or alternate delegate to the national convention together with such affidavits or other evidence as desired, and simultaneously send a copy to: (i) each other party, and (ii) the chairman of the Republican state committee. Each Statement of Position shall begin with a summary of not more than one thousand (1,000) words setting forth succinctly a synopsis of the Statement of Position and a specific statement of the points relied upon. In the case of delegates or alternate delegates elected or selected at a time or times pursuant to a waiver granted under Rule No. 20(d) that makes compliance with any deadline set forth in this rule impossible, the Standing Committee on Contests shall, as soon as practicable after the filing of a notice under Rule No. 23, notify the parties to the affected contest of the deadline to file the Statement of Position.

(c) The Standing Committee on Contests shall promptly hear the matter; decide which issues are involved, either of law or fact, or both; decide upon its recommendation for resolution of such issues; and submit such issues and its recommendations for resolution to the Republican National Committee. The issues so submitted by the Standing Committee on Contests shall be the sole issues passed upon and determined by the Republican National Committee unless the Republican National Committee shall, by a majority vote, extend or change the same. If the Standing Committee on Contests for any reason shall fail to state the issues either of law or fact, the Republican National Committee shall decide upon what issues the contest shall be tried, and the hearing shall be limited to such issues unless the Republican National Committee, by a majority vote, shall decide otherwise.

(d) The Standing Committee on Contests shall make up a Report of each contest filed, showing which issues are involved, either of law or fact, or both, and its recommendations to the Republican National Committee for resolution thereof. When the Standing Committee on Contests has prepared such Report, a copy shall be provided forthwith by the chairman of the Standing Committee on Contests to the parties by the most expeditious method available.

(e) The parties shall have eight (8) days to file written objections to the Standing Committee on Contests' Report, unless the Republican National Committee is called to act upon the contest sooner, in which case such objections shall be made before the meeting of the whole committee.

(f) When the Republican National Committee is called to pass upon any contest that may arise, the members of the Convention Committee on Credentials shall also be notified of the time and place of such meeting and shall have the right to attend all hearings of all contests but without the right to participate in the discussion or the vote.

### RULE NO. 25
### Convention Committee on Credentials

(a) When the national convention shall have assembled, the secretary of the Republican National Committee shall deliver to the Convention Committee on Credentials all credentials and other papers forwarded under Rule No. 20(c).

(b) An appeal may be taken to the Convention Committee on Credentials from any ruling of the Republican National Committee on any contest, by and only by a party to such contest in the proceedings conducted pursuant to Rule Nos. 23 and 24; provided, however, that notice of such appeal must be filed with the secretary of the Republican National Committee no later than the earlier of (i) twenty-four (24) hours after the Republican National Committee passes the temporary roll or (ii) twelve (12) hours prior to the convening of the Temporary Convention Committee on Credentials. This notice shall specify the grounds upon which the appeal is taken. Only the grounds so specified shall be heard by the Convention Committee on Credentials upon such appeal. No evidence other than that taken before the Republican National Committee shall be taken up by the Convention Committee on Credentials unless it shall, by a majority vote of its members present and voting, so direct.

(c) No issue involving the status of one or more delegates or alternate delegates or any contest relating thereto may originate before the Convention Committee on Credentials of the national convention. All contests must first be presented to the Standing Committee on Contests of the Republican National Committee or to the whole Republican National Committee in the manner provided in Rule No. 19(b).

(d) No motion with respect to delegates or alternate delegates from more than one (1) state or territory shall be in order before the Convention Committee on Credentials.

### PROCEEDINGS OF NATIONAL CONVENTION

### RULE NO. 26
**Order of Business**

The convention shall proceed in the order of business prepared and printed by the Republican National Committee. The order of business may include the time and date for the consideration of any item of business, the time limit assigned for consideration of any item of business, and procedural rules for the consideration of any item of business that are not inconsistent with these rules.

## RULE NO. 27
**Committee Reports**

(a) The report of the Convention Committee on Credentials shall be disposed of before the report of the Convention Committee on Rules and Order of Business is acted upon; the report of the Convention Committee on Rules and Order of Business shall be disposed of before the report of the Convention Committee on the Platform is acted upon; and the report of the Convention Committee on the Platform shall be disposed of before the convention proceeds to the nomination of candidates for President of the United States and Vice President of the United States. The report of the Convention Committee on Permanent Organization shall be disposed of at any time after the disposition of the report of the Convention Committee on Credentials, but before the nomination of candidates, based upon the order of business as prepared by the Republican National Committee.

(b) The report of any such committee listed in Rule No. 27(a) shall be considered as read if made available to the delegates prior to its consideration.

## RULE NO. 28
**Admission to Convention Hall**

(a) No person except members of the several delegations, officers of the convention, members of the Republican National Committee, and incumbent Republican governors, incumbent Republican United States Senators, and incumbent Republican members of the United States House of Representatives shall be admitted to the section of the convention hall restricted to delegates.

(b) Press and staff shall be admitted to the section(s) of the hall authorized for them.

(c) The chairman of the Republican National Committee shall ensure that guest passes to the convention are distributed in an equitable fashion. Each delegate and alternate delegate to the convention shall receive at least one guest pass to each session of the convention.

(d) Each state, through its Republican National Committee members, shall be allocated full sets of additional guest passes equal to thirty-three percent (33%) of the total number of delegate and

alternate delegate membership for that state, rounded
to the next whole number.

## RULE NO. 29
**Voting**

(a) Each delegate to the convention shall be
entitled to one (1) vote, which may be cast by an
alternate delegate in the absence of the delegate, and an
individual holding more than one (1) of the following
positions: national committeeman; national
committeewoman; or state chairman of any state, shall
not be entitled to more than one (1) delegate seat and
shall not be entitled to more than one (1) vote.

(b) In the absence of any delegate at large or
any delegate from any congressional district, the roll of
alternate delegates for the state or district shall be called
in the order in which the names are placed upon the roll
of the convention, unless directed otherwise in the
delegation's certification. The Republican National
Committee's form for delegate certification shall
provide a means for the state to designate the alternate
voting order to be followed.

## RULE NO. 30
**Rules of Order**

The Rules of the House of Representatives of
the United States shall be the rules of the convention,
except that the current authorized edition of *Robert's
Rules of Order: Newly Revised* ("*Robert's Rules of
Order*") shall be the rules for committees and
subcommittees of the convention, insofar as they are
applicable and not inconsistent with the rules herein set
forth; provided, however, that the convention may
adopt its own rules concerning the reading of
committee reports and resolutions.

## RULE NO. 31
**Length of Debate**

No delegate shall speak more than once or
longer than five (5) minutes upon the same question,
unless by leave of the convention, except in the
presentation of the name of a candidate for nomination
for President of the United States or Vice President of
the United States.

# RULE NO. 32
## Suspension of Rules

A motion to suspend the rules shall always be in order, but only when made by authority of a majority of the delegates from any state and seconded by a majority of the delegates from each of seven (7) or more other states, severally.

# RULE NO. 33
## Platform Resolutions

All proposed resolutions relating to the platform shall be submitted in writing to the Convention Committee on the Platform without reading and without debate.

# RULE NO. 34
## Minority Reports; Amendments

(a)   No resolution or amendment pertaining to the report of the Convention Committee on the Platform or the Convention Committee on Rules and Order of Business shall be reported out or made a part of any report of such committee or otherwise read or debated before the convention, unless the same shall have been submitted to the chairman, vice chairman, or secretary of such committee or to the secretary of the convention in writing not later than one hour after the time at which such committee votes on its report to the convention and shall have been accompanied by a petition evidencing the affirmative written support of a minimum of twenty-five percent (25%) of the membership of such committee.

(b)   When a temporary committee is convened as a permanent committee, and if a minority report is presented to the chairman, the chairman shall inquire as to whether any of the signatories of the minority report would like to have his or her name removed from the report. Anyone requesting to have his or her name removed shall have his or her signature removed immediately.

(c)   No amendment pertaining to the report of the Convention Committee on Credentials affecting delegates or alternate delegates from more than one (1) state shall be in order.

### RULE NO. 35
**Motion to Table**

It shall be in order to lay on the table a proposed amendment to a pending measure and such motion, if adopted, shall not carry with it or prejudice such original measure.

### RULE NO. 36
**Previous Question**

When the previous question shall be demanded by a majority of the delegates from any state, and the demand is likewise seconded by a majority of delegates from each of two (2) or more other states, severally, the call is sustained by a majority vote of the delegates to the convention.

### RULE NO. 37
**Roll Call**

(a)  Upon all subjects before the convention requiring a roll call, the states shall be called in alphabetical order.

(b)  In the balloting, the vote of each state shall be announced by the chairman of such state's delegation, or his or her designee; and in case the vote of any state shall be divided, the chairman shall announce the number of votes for each candidate, or for or against any proposition; but if exception is taken by any delegate from that state to the correctness of such announcement by the chairman of that delegation, the chairman of the convention shall direct the roll of members of such delegation to be called, and then shall report back the result to the convention at the conclusion of balloting by the other states; however, that in any event, the vote of each state for the nomination for President shall be announced and recorded (or in the absence of an announcement shall be recorded) in accordance with the results of any binding Presidential preference vote or direct election of delegates bound or pledged pursuant to these rules, state party rules, or state law.

(c)  In balloting, if any delegation shall pass when its name is called, then at the conclusion of the roll call all delegations which passed shall be called in the order herein before established. No delegation shall be allowed to change its vote until all delegations which passed shall have been given a second opportunity to vote.

(d) Except in a roll call for nomination for President of the United States and Vice President of the United States, or where the majority of delegates of fifteen (15) or more states severally have requested that a roll call be conducted by voice call of the roll, the chairman of the convention may order that the balloting on any subject placed before the convention requiring a roll call be conducted by electronic, telephonic, or computer device which will display votes to the convention simultaneously. Each delegation chairman shall record and tally any such votes of the delegation on official roll call tally sheets provided by the secretary of the convention, showing the individual vote of the delegates, and file such tally sheets with the secretary of the convention not more than thirty (30) minutes after the completion of the roll call vote.

(e) If the Republican National Committee determines that the national convention cannot convene or is unable to conduct its business either within the convention site or within the convention city, then and only then, the roll call for nomination for President of the United States and Vice President of the United States shall be allowed to be conducted according to procedures authorized by the Republican National Committee.

(f) Nothing in this rule shall be construed to prohibit the binding of delegates pursuant to Rule No. 16(a).

### RULE NO. 38
**Unit Rule**

No delegate or alternate delegate shall be bound by any attempt of any state or congressional district to impose the unit rule. A "unit rule" prohibited by this section means a rule or law under which a delegation at the national convention casts its entire vote as a unit as determined by a majority vote of the delegation. Nothing in this rule shall be construed to prohibit the binding of delegates pursuant to Rule No. 16(a).

### RULE NO. 39
**Record Vote**

If a majority of the delegates of any seven (7) states, severally, shall demand a roll call vote, the

same shall be taken of the states in the order hereinbefore established.

## RULE NO. 40
### **Nominations**

(a) In making the nominations for President of the United States and Vice President of the United States and voting thereon, the roll of the states shall be called separately in each case; provided, however, that if there is only one candidate for nomination for Vice President of the United States who has demonstrated the support required by paragraph (b) of this rule, a motion to nominate for such office by acclamation shall be in order and no calling of the roll with respect to such office shall be required.

(b) (1) For the 2016 national convention, each candidate for nomination for President of the United States and Vice President of the United States shall demonstrate the support of a majority of the delegates from each of eight (8) or more states, severally, prior to the presentation of the name of that candidate for nomination. Notwithstanding any other provisions of these rules or any rule of the House of Representatives, to demonstrate the support required of this paragraph a certificate evidencing the affirmative written support of the required number of permanently seated delegates from each of the eight

(8) or more states shall have been submitted to the secretary of the convention not later than one (1) hour prior to the placing of the names of candidates for nomination pursuant to this rule and the established order of business.

(2) Beginning with the 2020 national convention and for each convention thereafter, each candidate for nomination for President of the United States and Vice President of the United States shall demonstrate the support of a plurality of the delegates from each of five (5) or more states, severally, prior to the presentation of the name of that candidate for nomination. Notwithstanding any other provisions of these rules or any rule of the House of Representatives, to demonstrate the support required by this paragraph a certificate evidencing a plurality with the affirmative written support of the required number of permanently seated delegates from each of the five (5) or more states shall have been submitted to the secretary of the convention not later than one (1) hour prior to the placing of the names of candidates for nomination pursuant to this rule and the

established order of business.

(c) The total time of the nominating speech and seconding speeches for any candidate for nomination for President of the United States or Vice President of the United States shall not exceed fifteen (15) minutes.

(d) When at the close of a roll call any candidate for nomination for President of the United States or Vice President of the United States has received a majority of the votes entitled to be cast in the convention, the chairman of the convention shall announce the votes for each person receiving delegate votes cast in accord with their respective state party rules and state law. Before the convention adjourns *sine die*, the chairman of the convention shall declare the candidates nominated by the Republican Party for President of the United States and Vice President of the United States.

(e) If no candidate shall have received such majority, the chairman of the convention shall direct the roll of the states be called again and shall repeat the calling of the roll until a candidate shall have received a majority of the votes entitled to be cast in the convention.

### RULE NO. 41
### Convention Committees

(a) There shall be four (4) convention committees; the convention committees on the Platform, Credentials, Rules and Order of Business, and Permanent Organization of the convention, each of which shall have a chairman and a co-chairman appointed by the chairman of the Republican National Committee, who shall declare each of the committees constituted when notice of election of at least fifty percent (50%) of its members has been filed in accordance with the following sentence. The Delegates elected or selected to the convention from each state, promptly once all such Delegates are elected or selected, shall elect from the delegation a delegation chairman and their members of the convention committees on the Platform, Credentials, Rules and Order of Business, and Permanent Organization of the convention, consisting of one (1) man and one (1) woman for each committee, and shall file notice of such election with the secretary of the Republican National Committee under Rule No. 20(c); provided, however, that no delegate may serve on

more than one (1) committee of the convention. Alternate delegates may not serve as delegation chairmen or as members of the convention committees, except when the number of delegates able to serve on convention committees is less than the number of committee positions to be filled, then an alternate delegate can serve, except that no alternate delegate may serve on more than one (1) committee. Delegations electing alternate delegates to serve on convention committees in violation of the preceding sentence shall forfeit all positions on the committee(s) to which such alternate delegates were elected.

(b) Convention committees and subcommittees may set time limits for speaking on any question by a simple majority vote; provided, however, that not less than twenty (20) minutes, equally divided between proponents and opponents on any question, shall be allowed in any case on any debatable motion, order, or appeal.

(c) Upon request of twenty percent (20%) of the members of a committee or subcommittee of the convention, a vote shall be recorded in the manner provided by these rules, and no votes in the committees or subcommittees of the convention shall be taken by secret ballot.

(d) No later than thirty (30) days prior to the national convention, members of the Convention Committee on Rules and Order of Business and members of the Republican National Committee shall be provided a copy of the existing *The Rules of the Republican Party* along with all recommended changes to those rules approved as of that date by the Standing Committee on Rules since the previous national convention. Any changes shall be prominently noted. A letter shall be attached to the document stating that all proposed rules are still subject to change prior to the meeting of the Convention Committee on Rules and Order of Business. After this information is provided, any additional recommendations regarding changes in *The Rules of the Republican Party* approved by the Republican National Committee shall be provided to the members of the Convention Committee on Rules and Order of Business as soon as practicable.

(e) No later than twenty-five (25) days prior to the national convention, all members of each of the various convention committees shall be provided the most current listing of their fellow committee

members' names. The contact information of members of the Convention Committee on Rules and Order of Business shall be confidential. The Republican National Committee shall create a system by which the public may contact the designated member of the Convention Committee on Rules and Order of Business by state that permits the members to retrieve those messages.

## RULE NO. 42
### **Temporary Rules**

Upon the adoption of the report of the Convention Committee on Rules and Order of Business, Rule Nos. 26-42 shall constitute the Standing Rules for this convention and the temporary rules for the next convention.

**REPUBLICAN PARTY OF THE UNITED STATES VIRGIN ISLANDS**

## *The Rules of the 2018 Virgin Islands Republican Territorial Caucus*

**Rule No. 1**

(a)      The Republican Territorial Caucus shall be governed by *The Rules of the 2018 Virgin Islands Republican Territorial Caucus*, which supersede the *Rules, Principles, and Policies of the Republican Party of the United States Virgin Islands* for the purposes of convening and conducting the aforesaid Republican Territorial Caucus.

**Rule No. 2**

(a)      The state chairman of the Republican Party of the United States Virgin Islands shall appoint a Caucus Committee consisting of four members from the electoral district of St. Croix and four members from the electoral district of St. Thomas—St. John. The secretary of the Republican Party of the United States Virgin Islands shall serve as chairman of the Caucus Committee. The members of the Caucus Committee shall elect a vice chairman, who must reside in the opposite electoral district of the chairman. The chairman and vice chairman shall serve as the district caucus supervisor of their respective electoral districts.

(b)      The Caucus Committee shall select one location in the electoral district of St. Thomas-St. John and one location in the electoral district of St. Croix to serve as district caucus precincts. These locations shall be open to any registered and qualified Republican voter for voting during the hours of 4 p.m. and 7 p.m. Atlantic Standard Time on a date selected by a majority vote of the Caucus Committee. The Republican Party of the United States Virgin Islands shall pay all costs involved in securing district caucus precincts.

(c)      The Caucus Committee shall prepare the ballot for the Republican Territorial Caucus. The Republican Party of the United States Virgin Islands shall pay all costs involved in preparing and printing the ballot. A sufficient number of ballots shall be distributed to the district caucus supervisor of each district caucus precinct on the day of the Republican Territorial Caucus and prior to the commencement of voting.

(d)      The chairman and vice chairman of the Caucus Committee shall sign the call to caucus for the Republican Territorial Caucus with public notice published on the official website of the Republican Party of the United States Virgin Islands. A copy of the duly-issued call to caucus shall be forwarded by the secretary of the Republican Party of the United States Virgin Islands to the duly-serving members of the State Committee.

(e)      The Caucus Committee shall appoint deputies and caucus officials as deemed necessary for the conduct of the Republican Territorial Caucus. A person need not be a registered Republican to be eligible for appointment.

Exhibit 3

(f)     The Caucus Committee may adopt all such policies, procedures, regulations, and rules as necessary for the conduct of the Republican Territorial Convention provided such policies, procedures, regulations, and rules are not inconsistent with these rules.

(g)     The Caucus Committee shall hear any disputes arising out of the Republican Territorial Caucus.

(h)     All disputes and challenges arising out of the Republican Territorial Caucus must be sent via United States Postal Service registered mail and received by the chairman of the Caucus Committee on or before 11:59 p.m. on the third day after the date of the caucus. The Caucus Committee may meet in-person or via linked telecommunications technology to consider a properly received and timely filed dispute or challenge. Any decision by the Caucus Committee is final and not subject to appeal. The burden of proof necessary to sustain a dispute or challenge rests upon the challenger, who must provide tangible evidence.

## Rule No. 3

(a)     All voters and candidates in the Republican Territorial Caucus must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. No person convicted of a felony or other high crime and misdemeanor, including, but not limited to, crimes of fraud and moral turpitude, stand for election as a candidate.

(b)     No tax or fee shall be levied upon any person to vote.

## Rule No. 4

Supervision of the district caucus precincts and implementation and enforcement of these rules shall be the responsibility of a district caucus supervisor. District caucus supervisors shall be familiar with these rules.

## Rule No. 5

(a)     Eligibility to participate in and cast a ballot shall be verified by a district caucus supervisor. Prospective voters shall present a valid Virgin Islands government-issued photo identification upon demand of the district caucus supervisor.

(b)     No absentee, provisional, or proxy voters are qualified to participate.

## Rule No. 6

(a)     All candidates for nomination to federal or territorial office must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. Additionally, all Party candidates for federal or territorial office must adhere to the eligibility requirements of the office they seek as established by Constitution or territorial law. A candidate shall file a notarized nominating petition with the Caucus Committee via United States Postal Service registered mail containing the original signatures of no fewer than 20 registered

Republican voters using the nominating petition prescribed by the Caucus Committee on or before 11:59 p.m. on the fourteenth day preceding the caucus.

(b)     All candidates for party office must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. No person convicted of a felony or other high crime and misdemeanor shall be eligible to hold party office or serve as a member of the State Committee. A candidate shall file a notarized nominating petition with the Caucus Committee via United States Postal Service registered mail containing the original signatures of no fewer than 20 registered Republican voters using the nominating petition prescribed by the Caucus Committee on or before 11:59 p.m. on the fourteenth day preceding the caucus.

(c)     No person may seek nomination for more than one federal or territorial office.

(d)     Persons signing a candidate's nominating petition shall meet the eligibility requirements of Rule No. 3(a).

**Rule No. 7**
(a)     Each registered Republican voter, appearing on the electoral rolls of the United States Virgin Islands on the day of the call to caucus, shall be allowed to cast one ballot.

(b)     A record of each registered Republican voter casting a ballot shall be recorded in lists maintained at each district caucus precinct. No person shall be allowed to cast more than one ballot. All lists shall be open to inspection at the close of voting.

(c)     Questions of voter eligibility shall be determined by the district caucus supervisor.

(d)     No provisional, absentee, or proxy ballots shall be allowed.

**Rule No. 8**
(a)     The Caucus Committee shall provide one ballot box at each district caucus precinct. Such boxes may be of cardboard construction. The district caucus supervisor shall ensure that the ballot box is empty at the commencement of voting.

(b)     Each registered Republican voter, provided they meet the eligibility requirements of these rules, shall be given an official ballot and allowed to cast their vote in private. Each such voter shall then deposit the ballot in the ballot box provided for such purpose by the Caucus Committee.

(c)     As soon as practicable after the conclusion of voting, the district caucus supervisors shall empty the ballot boxes and proceed to count the votes. As soon thereafter, the results of the counting shall be reported in writing to the Caucus Committee. The report shall include the total number of voters, the number of ballots casts, and the number of ballots rejected or spoiled. All ballots, including spoiled ballots,

voter participation lists, and count sheets shall be preserved until the Caucus Committee certifies the results as final.

(d)      Final certification of the results of the Republican Territorial Caucus shall be given by the Caucus Committee no later than the fifth day after the caucus.

(e)      Any tie in the results shall be determined by a flip of the coin.

(f)      A ballot shall be spoiled if (1) the ballot contains lewd, impertinent, or extraneous markings; (2) if the ballot is substantially torn or defaced; (3) if the ballot bears obvious evidence of tampering; (4) if more votes are cast than the number of candidates to be elected; and (5) if votes are cast for both a ticket and individual candidates.

(g)      No electioneering shall take place within district caucus precincts. This shall include the posting of signs and distribution of handbills.

(h)      A candidate may send a designated representative to observe the counting of ballots, but said representative shall not interfere with or object to the counting of ballots. Any dispute or challenge must be filed in compliance with Rule No. 2. Any person seeking to observe the counting of ballots on behalf of a candidate for the aforesaid offices shall present credentials designating them as representatives of their candidate to the district caucus supervisor for accreditation. The credentials must bear the original signature of the candidate.

(i)      The Caucus Committee shall be empowered to promulgate additional rules, regulations, and procedures based upon generally accepted election practices.

**Rule No. 9**
(a)      The chairman of the Caucus Committee may publish unofficial results upon the tallying of votes after the period of voting has concluded.

(b)      Official results shall be published by the chairman of the Caucus Committee upon final certification by the Caucus Committee. Notice shall also be given by the state chairman of the Republican Party of the United States Virgin Islands, who, together with the secretary of the State Committee, shall make a filing of the results to the supervisor of Elections. The filing shall include the full name and address of all candidates nominated for federal and territorial office and all candidates elected to party office.

**From:** John Canegata [mailto:johncanegata@gmail.com]
**Sent:** Friday, February 9, 2018 4:20 PM
**To:** Caroline Fawkes <Caroline.Fawkes@vi.gov>
**Cc:** Genevieve Whitaker <genevieve.whitaker@vi.gov>; lilliana@usvigop.org; Robert Max Schanfarber <max@usvigop.org>
**Subject:** Rules, Policies, and Principles of the USVIGOP **Corrected**

Dear Supervisor Fawkes:

This email is to correct our previous electronic correspondence in which we selected the process to be used by the Republican Party of the United States Virgin Islands for the selection of party nominees and the election of party officeholders, in accordance with both territorial elections law and party bylaws.

It was brought to my attention that in our previous correspondence we inadvertently attached an outdated version of the party bylaws. I have attached the most current version of the Rules, Policies, and Principles of the Republican Party of the United States Virgin Islands. I have also attached the caucus rules that was previously submitted on January 31st and February 1st and approved by the party for the selection of party nominees and the election of party officeholders, should a primary election for both political parties not be held in August 2018.

Thank you for your continued attention to this matter.


Sincerely,

John Canegata
Chairman, Republican Party of the United States Virgin Islands

Robert Max Schanfarber
Secretary, Republican Party of the United States Virgin Islands

Exhibit 4

# Rules, Principles, and Policies of the Republican Party of the United States Virgin Islands

**PREAMBLE**

*The Rules, Principles, and Policies of the Republican Party of the United States Virgin Islands* (hereinafter "Rules") shall constitute the sole and exclusive governing rules of the Republican Party of the United States Virgin Islands, a private association which is dedicated to serving the purposes of nominating and electing persons affiliated with the Republican Party to public offices at the federal, state and territory levels.

**RULE 1. NAME AND ORGANIZATION**

Section 1.      The official name of the Republican National Committee-recognized state party for the territory of the United States Virgin Islands shall be the Republican Party of the United States Virgin Islands (hereinafter "VIGOP").

Section 2.      With respect to matters of VIGOP governance and, to the extent provided for herein, these Rules shall govern and take precedence over United States Virgin Islands election law or other provision of law to the contrary. The VIGOP, its officeholders and their designees, the State Committee, and any other entity of the VIGOP shall not follow any provision of law that purports to authorize either the Legislature of the Virgin Islands or the territorial boards of election to adopt laws governing the organization and election of political parties as applied to the Republican Party of the United States Virgin Islands.

Section 3.      The VIGOP's rights under the First and Fourteenth Amendments to the U.S. Constitution include the right to freely speak and associate, which includes the right to determine for itself the ways and means of nominating candidates as Republican nominees for federal and territorial offices, nominating and electing candidates for VIGOP offices, and electing delegates and alternate delegates to the Republican National Convention.

Section 4.      The VIGOP further reserves the exercise of its federal constitutional rights to represent, speak, and otherwise advocate for its members and officers on all matters of public policy.

Section 5.      The VIGOP, retains the common law right to control and authorize the use of "Republican," "GOP," or any derivative of the VIGOP name in connection with official political activity within the United States Virgin Islands. Any use of the name or any derivative of the name that in any way implies, states or misrepresents an affiliation or relationship with or endorsement by the VIGOP is strictly prohibited and shall not be recognized. Any prior use of the name or any derivative of the name within the territory of the United States Virgin Islands shall not be recognized as a waiver of the VIGOP's right to claim exclusive use of its name within the territory of the United States Virgin Islands.

Exhibit 5

Section 6.      The VIGOP further retains the common law right to control and authorize the use of the Republican symbol—the commonly used elephant—as well as any other symbol or logo associated with the Republican Party in connection with official political activity within the United States Virgin Islands. Any use of the Republican symbol or any other symbol or logo associated with the Republican Party that in any way implies, states or misrepresents an affiliation or relationship with or endorsement by the VIGOP is strictly prohibited and shall not be recognized. Any prior use of the name or any derivative of the Republican symbol or any other symbol or logo associated with the Republican Party within the territory of the United States Virgin Islands shall not be recognized as a waiver of the VIGOP's right to claim exclusive use  within the territory of the United States Virgin Islands.

Section 7.      No candidate for federal or territorial office may claim to be the Republican nominee unless selected through a process approved by the State Committee of the VIGOP.

## RULE 2. VIGOP MEMBERSHIP

Section 1.      Membership in the VIGOP shall be open to those persons in good standing with the Republican Party of the United States Virgin Islands and are registered Republicans.

Section 2.      All VIGOP officeholders and members must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. No person convicted of a felony or other high crime and misdemeanor shall be eligible to hold VIGOP office or serve as a member of the State Committee.

Section 3.      All VIGOP candidates for nomination to federal or territorial office must be actively registered Republican voters, be on the electoral rolls of the United States Virgin Islands, and be bona fide residents of the United States Virgin Islands. Additionally, all VIGOP candidates for federal or territorial office must adhere to the eligibility requirements of the office they seek as established by Constitution or territorial law.

Section 4.      No tax or fee shall be levied upon any person to vote. Membership dues may be established by the Finance Committee.

Section 5.      The State Committee may by resolution establish other requirements for VIGOP membership, provided such requirements do not contravene these Rules.

## RULE 3. STATE COMMITTEE

Section 1.      The governing body of the VIGOP shall consist of the State Committee.

Section 2.      The membership of the State Committee shall consist of the state chairman, national committeewoman, national committeeman, VIGOP leadership (as defined herein), ten members from the electoral district of St. Thomas–St. John and ten members from the electoral district of St. Croix. The Republican governor, Republican lieutenant governor, Republican member or most recent nominee for Congress, and Republican members of the territorial

Legislature shall be additional voting members of the State Committee during their terms of office.

Section 3.      The state chairman and members of the State Committee serve a term of four years beginning after the certification of their election and continuing until a successor is elected and qualified. The state chairman, vice chairman, secretary, treasurer and members of the State Committee may be removed from office, including for acts of malfeasance, misfeasance and nonfeasance, either by a vote of the duly-serving members of the State Committee.

Section 4.      The national committeewoman and national committeeman are henceforth elected through the method of selection required under Rule 4 of these Rules and shall serve from the adjournment of the quadrennial Republican National Convention until the adjournment of the following quadrennial Republican National Convention in compliance with *The Rules of the Republican Party*, as adopted by the 2012 Republican National Convention and subsequently amended by the Republican National Committee, or any successive and lawfully promulgated national party rules ("*The Rules of the Republican Party*"). The national committeewoman and national committeeman may be removed from office by a vote of the duly-serving members of the State Committee if they refuse to support the Republican nominee for president of the United States of America.

Section 5.      An organizational meeting of the State Committee shall be convened by the state chairman following the election of VIGOP officeholders at a time, hour, and place as designated by the state chairman in the call to meeting.

Section 6.      The voting members of the State Committee shall elect the vice chairman, treasurer, and secretary at the organizational meeting.

Section 7.      Vacancies may arise due to the death, resignation, disqualification, or disability of any officer and shall be filled with immediate effect by appointment of the state chairman.

Section 8.      In the event a vacancy arises in the office of state chairman, the secretary shall convene, as soon as practicable, a special meeting of the State Committee for the purposes of an election to elect a successor to serve the remainder of the term of office. During the interim, the vice chairman shall assume the state chairman's duties.

Section 9.      Any member of the State Committee who is absent from three consecutive organizational or regular meetings, including at meetings in which they were present by proxy, shall disqualify themselves from holding office.

Section 10.     The incumbent state chairman elected in the 2016 Republican Territorial Caucus shall continue holding office until the election and qualification of a successor in 2020.

Section 11.     The incumbent members of the Territorial Committee elected in the 2016 Republican Territorial Caucus shall continue holding office until the qualification of persons elected to the State Committee in the first election for party offices held pursuant to Rule 4. Any vacancy arising due to the death, resignation, disqualification, or disability shall not be filled.

Section 12.     The State Committee shall be the sole judge of the elections, returns and qualifications of its own members.

## RULE 4. SELF-DETERMINATION

Section 1.     By February 2018, the State Committee shall adopt either a Republican Territorial Caucus or a Republican Territorial Convention to select 2018 nominees for federal and territorial offices and elect any party offices as required by these Rules or territorial elections law.

Section 2.     The State Committee on or before February 1, 2019, shall consider the method used to select nominees for federal and territorial offices and elect party offices in elections occurring on or after January 1, 2019.

## RULE 5. MEETINGS

Section 1.     The secretary, at the direction of the state chairman, shall issue a call to convene regular meetings of State Committee, which shall consist of no less than four regular meetings per calendar year. A call to meeting shall be issued at least seven days before any regular meeting.

Section 2.     A special meeting may be called by the state chairman at the discretion of the state chairman. A special meeting must be called by the state chairman when demanded by a written petition containing the signatures of six members of the State Committee.

Section 3.     The agenda for all regular meetings shall be prepared by the state chairman and transmitted to each voting member of the State Committee no later than three days prior to the meeting. The state chairman shall include in the agenda any matter for which four members of the State Committee from each district have requested by written petition.

Section 4.     The agenda for all special meetings shall be prepared by the state chairman and transmitted to each voting member as soon as practicable. The state chairman shall not prepare the agenda of a special meeting called pursuant to a written petition as prescribed by section 2.

## RULE 6. QUORUM

Section 1.     At any regular meeting or special meeting of the State Committee there must be at least three voting members from each district physically present or at the site remotely linked through telecommunications technology.

## RULE 7. PROXIES

Section 1.     A voting member of the State Committee, not able to participate at a meeting, may assign to another State Committee member their vote by proxy. Proxies must be written and submitted to the secretary prior to the beginning of any votes, using a form prescribed by the

state chairman. A voting member of the State Committee may only vote by proxy on behalf of three voting members whose absence is excused and recorded by the secretary.

Section 2.        The holder of a proxy shall vote as directed by the member assigning their proxy.

## RULE 8. VOTING PROCEDURE

Section 1.        All business in all regular and special meetings of the State Committee, unless otherwise provided for in these Rules, shall be conducted by a majority vote of the voting members present or otherwise represented by a properly submitted proxy form. For purposes of these rules, a majority is defined as one more vote than one-half of all votes cast.

## RULE 9. DUTIES

Section 1.      The state chairman shall:

(a) Preside at all meetings of the State Committee and preside at all meetings of State Committee committees and subcommittees, unless the chairman of a committee or subcommittee is otherwise designated.

(b) Appoint all committees and subcommittees of the State Committee and any other entity established by the VIGOP, unless otherwise designated.

(c) Be a member of all State Committee committees and subcommittees with voting power.

(d) Have general supervision of the State Committee and the VIGOP.

(e) Execute documents, contracts, accords, and other agreements under the name and legal personality of the State Committee and VIGOP.

(f) Perform the duties usual to the office of state chairman; including performing officeholder duties in the case where another officeholder is unavailable or unwilling to perform his/her duties.

(g) Employ, appoint, and designate such officeholders, deputies, and assistants, including an executive director and other staff, as deemed necessary for the conduct of business.

(h) Propose an annual budget for adoption by the State Committee. The budget should be prepared in accordance with generally accepted accounting principles.

Section 2. The vice chairman shall:

(a) Assist with the carrying out of VIGOP affairs as directed by the state chairman.

(b) Perform the duties of the chairmanship in the state chairman's absence.

(c) Assume the duties of acting state chairman in the event of a vacancy in the office of state

chairman until such time as the State Committee convenes in special meeting to elect a successor, pursuant to Rule 3.

Section 3.    The secretary shall:

(a) Keep a true and accurate record of all proceedings of the State Committee and its committees and subcommittees.

(b) Issue all notices and calls to meeting, at the direction of the state chairman or as prescribed by these rules.

(c) Make all certifications necessary for the conduct of business.

(d) Maintain the permanent records of the State Committee, which shall be surrendered to the secretary's successor upon completion of the term of office.

(e) Perform all duties usual to the office of secretary.

Section 4.    The Treasurer shall:

(a) Collect and disburse funds subject to the direction of the state chairman or by resolution of the State Committee.

(b) Prepare financial statements in keeping with generally accepted financial practices and as requested by the state chairman or State Committee.

(c) Comply with requirements of federal and territorial campaign finance laws.

## RULE 10. PARTY FINANCES

Section 1.    The state chairman may appoint a Finance Committee, which shall consist of the treasurer of the State Committee and other members.

Section 2.    The Finance Committee shall coordinate fundraising for the VIGOP.

## RULE 11. TERRITORIAL CONVENTION OR CAUCUS

Section 1.    The State Committee may call a territorial convention or caucus, if approved by a majority vote.

Section 2.    For purposes of Rule 4, the Rules and business of a territorial convention or caucus shall be determined by the State Committee.

## RULE 12. DELEGATE SELECTION TO NATIONAL CONVENTION

Section 1.    The method of selecting delegates to the 2020 Republican National Convention

shall be determined pursuant to Rule 4 and in compliance with *The Rules of the Republican Party*.

## RULE 13. DISTRICT COMMITTEES

Section 1.      The State Committee may authorize the establishment of district Republican committees to function as a local party in each electoral districts of the territory.

Section 2.      A district committee recognized herein shall make rules for the conduct of the district committee business not contrary to or inconsistent with these Rules.

Section 3.     Neither the State Committee nor the Republican Party of the United States Virgin Islands is liable for the actions, debts, or other obligations incurred by a district committee.

Section 4.     District committee officeholders shall serve four-year terms running concurrently with officeholders of the State Committee and the VIGOP.

## RULE 14. GENERAL PROVISIONS

Section 1.     All sessions of the State Committee and any of its committees or subcommittees, be they regular meetings or special meetings, shall be governed firstly by these Rules. The most recently updated version of *Robert's Rules of Order*, or, if designated by the State Committee, the parliamentary rules of the United States House of Representatives shall guide the rules and procedure of any meeting or gathering of the VIGOP to the extent not covered by these Rules.

Section 2.      The ruling of the chair is final. Any motion appealing the decision of the chair shall be made accordance with parliamentary rules adopted under Section 1.

## RULE 15. MODIFICATIONS

Section 1.      These Rules may not be repealed, replaced, or amended without an affirmative two-thirds vote of the State Committee at a meeting called by the state chairman.

Adopted by the Territorial Committee of the Republican Party of the United States Virgin Islands on March 24, 1984.

Amended April 4, 1998; Amended June 1, 2002; Amended May 6, 2016; Amended July 30, 2016; Amended December 28, 2016; Amended _____, 2018.