IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GORDON ACKLEY, in his capacity as candidate for Chairman of the Republican Party of the United States Virgin Islands and a Member of the Republican State Committee; TODD HECHT, in his capacity as a registered voter and as Member of the Republican State Committee; and ANTOINETTE HECHT, in her capacity as a candidate for National Committeewoman of the Republican Party of the United States Virgin Islands and Member of the Republican State Committee,<br><br>        Plaintiffs,<br><br>        v.<br><br>CAROLINE FAWKES, in her capacity as Virgin Islands Supervisor of Elections; THE VIRGIN ISLANDS BOARD OF ELECTIONS; JOHN CANEGATA, in his capacity as putative Chairman of the Republican Party of the United States Virgin Islands and candidate for Chairman of the Republican Party of the United States Virgin Islands; and ROBERT MAX SCHANFARBER, in his capacity as putative secretary of the Republican Party of the United States Virgin Islands and candidate for National Committeeman of the Republican Party of the United States Virgin Islands,<br><br>        Defendants. | Case No. 3:20-cv-0040 |

**ORDER**

**BEFORE THE COURT** is the motion of Todd Hecht, Antoinette Gumbs-Hecht, and Gordon Ackley to remand this matter to the Virgin Islands Superior Court. (ECF No. 5.) For

the reasons stated below, the Court will remand this matter to the Superior Court of the Virgin Islands.

## I. BACKGROUND

Gordon Ackley ("Ackley"), Todd Hecht ("Hecht"), Antoinette Gumbs-Hecht ("Gumbs-Hecht"), John Canegata ("Canegata"), and Robert Max Schanfarber ("Schanfarber") are all members of the Republican Party of the U.S. Virgin Islands (the "RPUSVI"). On May 8, 2020, Ackley, Todd Hecht, and Gumbs-Hecht (collectively, the "Plaintiffs") filed a complaint in the Virgin Islands Superior Court against Canegata, Schanfarber, the Virgin Islands Board of Elections, and the Supervisor of Elections, Caroline Fawkes ("Fawkes") (collectively, the "Defendants"). On May 13, 2020, the Plaintiffs filed an amended complaint (the "Amended Complaint").

The Amended Complaint alleges that, under territorial law and the internal rules of the RPUSVI, RPUSVI's party officers must be elected at a primary election. In 2016, Canegata was elected chairman of the RPUSVI and Schanfarber was elected as a member of the Republican State Committee, an office in the RPUSVI. In 2018, Canegata and Schanfarber informed Fawkes and the Board of Elections that the RPUSVI would hold a caucus in lieu of a primary election. This caucus, however, was never held, and Canegata and Schanfarber continued to hold their respective offices in the RPUSVI. In 2020, under the leadership of Canegata and Schanfarber, the RPUSVI adopted rules for a 2020 caucus that were allegedly contrary to the RPUSVI's internal rules. In 2020, Gumbs-Hecht and Ackley filed nomination petitions to run for RPUSVI party offices in the 2020 RPUSVI primary.

The Amended Complaint includes three counts. Each count is captioned "Injunctive Relief" and seeks a different injunction. Count One alleges that Canegata and Schanfarber

"engaged in a conspiracy to deprive Plaintiffs and other registered Republican voters of their (1) right to seek party office and (2) their right to vote for candidates for party offices by submitting their purported plan for a farcical caucus." (ECF No. 3, Ex. 1 at ¶ 38.) To that end, Count One asks the Court to enjoin Fawkes from canceling the RPUSVI primary or preventing candidates from filing nominating papers to run in the primary. Count Two alleges that the offices held by Schanfarber and Canegata are not "lawful and legitimate" under local law and the RPUSVI's internal rules, and as such, they have "no lawful authority" to direct the RPUSVI's activities. (*Id.* at ¶¶ 45-46.) To that end, Count Two seeks an order enjoining the two from canceling the Republican primary election. Count Three alleges that, under local law, the Plaintiffs submitted the only valid nomination petitions and seeks an order directing Fawkes to accept the Plaintiffs' petitions and no others.

On May 15, 2020, Canegata and Schanfarber removed this matter to the District Court of the Virgin Islands. Canegata and Schanfarber argue that this Court has original jurisdiction over the Amended Complaint because it "is premised on the Revised Organic Act of 1954" (the "ROA") and "raises several federal statutory and constitutional issues, including: the (1) right to seek public office and (2) the right to vote." (ECF No. 1 at 2-3.) On May 17, 2020, the Plaintiffs moved to remand the matter to the Superior Court, arguing that the Court lacks subject matter jurisdiction over their claims.[1]

---

[1] In the Superior Court, the Plaintiffs moved for a temporary restraining order ("TRO") and preliminary injunction. On May 15, 2020, shortly before the case was removed to this Court, the Superior Court granted the Plaintiffs' motion for a TRO and scheduled an evidentiary hearing for May 27, 2020, to address the Plaintiffs' motion for a preliminary injunction. On May 18, 2020, after the case was removed to this Court, Canegata and Schanfarber filed a notice indicating "that they intend to respond to the Plaintiff's Motion to Remand to State Court and anticipate a thorough, thoughtful response by May 19, 2020[,] at 5pm." (ECF No. 9 at 1.) The notice briefly summarized Canegata and Schanfarber's position as follows: "Plaintiffs' Complaint specifically and repeatedly invokes federal law and the Constitution. Plaintiffs cannot now retreat from their patently federal

## II. LEGAL STANDARD

Defendants may remove any civil action brought in a State or Territorial court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As a general matter, district courts have jurisdiction over (1) civil actions arising under "the Constitution, laws, or treaties of the United States"--federal question jurisdiction, 28 U.S.C. §§ 1331; and (2) civil actions between citizens of different states when the amount in controversy exceeds $75,000--diversity jurisdiction, 28 U.S.C. §1332(a).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly in federal court." *Rohn & Carpenter, LLC v. Cameron,* Case No. 3:11-cv-0045, 2011 WL 3687626, at *2 (D.V.I. Aug. 19, 2011) (citing *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007)). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe,* 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)).

## III. DISCUSSION

Canegata and Schanfarber argue that the Court has federal question jurisdiction under 28 U.S.C. § 1331. In order for the Court to have federal question jurisdiction, a case must arise under the Constitution or laws of the United States. 28 U.S.C. § 1331. "Most directly, a case arises under federal law when federal law creates the cause of action

---

law-based arguments." (*Id.* at 1-2.) As of the date of this Order, Canegata and Schanfarber have not filed their full response. Given the accelerated nature of these proceedings and the Court's understanding of Canegata and Schanfarber's position, however, the Court feels that it is imprudent to await their response before ruling on the Plaintiffs' motion to remand.

asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (explaining that 28 U.S.C. § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law").

The only cause of action in the Amended Complaint that arguably implicates federal law is the cause of action set out in Count One.[2] In relevant part, Count One alleges that Canegata and Schanfarber "engaged in a conspiracy to deprive Plaintiffs and other registered Republican voters of their (1) right to seek party office and (2) their right to vote for candidates for party offices by submitting their purported plan for a farcical caucus." (ECF No. 3, Ex. 1 at ¶ 38.) Civil conspiracy is a recognized tort under Virgin Islands law. *See, e.g.*, *Espinosa v. Redfield*, 69 V.I. 339, 343 (Super. Ct. 2018). Thus, the cause of action asserted in Count One is created by territorial law, not federal law.

In a "special and small category of cases," a federal question may also be raised in a cause of action based on local law. *See Gunn*, 568 U.S. at 258. "In these circumstances, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint.'" *Club Comanche, Inc. v.*

---

[2] The Amended Complaint cites the Revised Organic Act and the United States Constitution several times. (*See, e.g.*, ECF No. 3, Ex. 1 at ¶ 8) ("The actions of Defendant Schanfarber and Defendant Canegata are antithetical to the free, fair, and honest elections of the Virgin Islands; the Revised Organic Act of the Virgin Islands; the Constitution of the United States of America; and the inherent, fundamental rights of the people in our republican form of government."). These references to federal law, however, are not relied upon by the causes of action in Count Two and Three. Rather, they appear in a section of the Amended Complaint captioned "Introduction," *cf. MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412 (3d Cir. 2015) ("While the complaint cites § 1983, this language appears in a background section, and none of the six counts assert a claim based on it." (footnote omitted)), and as allegations of irreparable harm in support of the desired remedy: injunctive relief, *cf. id.* at 413 ("The fact that federal law may . . . 'shape or even limit the remedy that Plaintiff may obtain' does not mean that federal law is a necessary component of the cause of action." (quoting *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F.Supp.2d 613, 626 (S.D.N.Y.2013), *aff'd*, 586 F. App'x 604 (2d Cir.2014)).

Case: 3:20-cv-00040-RAM-RM Document #: 11 Filed: 05/21/20 Page 6 of 7

Ackley, et al. v. Fawkes, et al.
Case No. 3:20-cv-0040
Order
Page 6

*Gov. of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). A state law cause of action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if the well-pleaded complaint includes "a federal issue [that] is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Gunn*, 568 U.S. at 258.

A civil conspiracy is "[1] an agreement or combination [2] to perform a wrongful act, or lawful act by unlawful means, [3] that results in damage to the plaintiff." *Isaac v. Crichlow*, 63 V.I. 38, 64 (Super. Ct. 2015); *see also Berrios v. Hovic*, Case No. 1:01-cv-0192, 2010 WL 3069480, at *6 (D.V.I. July 29, 2010) ("[A] civil conspiracy consists of an agreement or combination to perform a wrongful act that results in damage to the plaintiff. A conspiracy may also consist of an agreement to do a lawful act by unlawful means." (internal quotation marks omitted)). The Plaintiffs' cause of action alleges that (1) Canegata and Schanfarber agreed; (2) to circumvent the Republican Party primary; (3) thereby damaging the Plaintiffs by preventing them from running for office or voting for candidates for office.

The third element of the conspiracy cause of action, damage, could implicate federal law, namely a right to vote under the United States Constitution or the ROA. *See, e.g.*, *Shannon v. Jacobowitz*, 394 F.3d 90, 93 (2d Cir. 2005) ("The right to vote is regarded as 'a fundamental political right, preservative of all rights.'" (alterations omitted) (quoting *Yick Wo v. Hopkins,* 118 U.S. 356, 370 (1886)); 48 U.S.C. § 1542(a) ("The franchise shall be vested in residents of the Virgin Islands who are citizens of the United States, twenty-one years of age or over."). Significantly, however, the Plaintiffs do not specify the source of their "(1) right to

seek party office and (2) their right to vote for candidates for party offices." (ECF No. 3, Ex. 1 at ¶ 38.) While these rights could arise from the Constitution or ROA, alternatively (and read in the context of the entirety of the complaint, more plausibly), the Plaintiffs are alleging a conspiracy to violate rights secured by Virgin Islands law.

Where, as here, "a federal issue is present as only one of multiple theories that could support a particular claim," the federal issue is not "necessarily raised." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). "In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004). Because the Plaintiffs' only cause of action that implicates federal law could be supported entirely by territorial law, the Court lacks jurisdiction over the Amended Complaint. Accordingly, the Court will remand this matter to the Superior Court.

The premises considered, it is hereby

**ORDERED** the Plaintiffs' motion to remand (ECF No. 5) is **GRANTED**; it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of the Virgin Islands; it is further

**ORDERED** that all pending motions are **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

**Dated:** May 21, 2020                                     s/ *Robert A. Molloy*
                                                        **ROBERT A. MOLLOY**
                                                        **District Judge**